[No. S104614. June 19, 2003.]

In re RONALD LEE VARNELL on Habeas Corpus.

## COUNSEL

Michael P. Judge, Public Defender, Albert J. Menaster, Alice McVicker and Alex Ricciardulli, Deputy Public Defenders, for Petitioner Ronald Lee Varnell.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Marc E. Turchin and Marc J. Nolan, Deputy Attorneys General, for Respondent the People.

Steve Cooley, District Attorney (Los Angeles), George M. Palmer, Head Deputy District Attorney, and Phyllis C. Asayama, Deputy District Attorney, for California District Attorneys Association as Amicus Curiae on behalf of Respondent the People.

## OPINION

**BAXTER, ** Penal Code section 1385, subdivision (a)[1] authorizes a trial court to "order an action to be dismissed" if the dismissal is "in furtherance of justice." Our case law has construed section 1385 to permit a court to dismiss individual counts in accusatory pleadings (*People v. Polk* (1964) 61 Cal.2d 217, 225-228 [37 Cal.Rptr. 753, 390 P.2d 641]), sentencing enhancements (see *People v. Thomas* (1992) 4 Cal.4th 206, 210 [14 Cal.Rptr.2d 174, 841 P.2d 159]), allegations that the defendant has suffered a prior conviction (*People v. Burke* (1956) 47 Cal.2d 45, 49-53 [301 P.2d 241]), and allegations that the defendant has suffered a prior "strike"[2] (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 [53 Cal.Rptr.2d 789, 917 P.2d 628]). In each case, our analysis of section 1385 has presupposed the existence of "charges or allegations in an indictment or information" to dismiss. (*People v. Hernandez* (2000) 22 Cal.4th 512, 523 [93 Cal.Rptr.2d 509, 994 P.2d 354].)

 In this case, we must decide whether a trial court may rely on section 1385 to do something other than dismiss the charges or allegations in a criminal action—i.e., whether a trial court may invoke section 1385 to

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] We use the term "strike" to describe "a prior felony conviction that qualifies a defendant for the increased punishment specified in the Three Strikes law." (*People v. Fuhrman* (1997) 16 Cal.4th 930, 932, fn. 2 [67 Cal.Rptr.2d 1, 941 P.2d 1189].)

disregard "sentencing factors."[3] Here, the trial court relied on petitioner's prior serious felony conviction and resulting prison term to deem him ineligible for mandatory probation and drug treatment under the Substance Abuse and Crime Prevention Act of 2000 (Proposition 36). Proposition 36, which was adopted by the voters in the November 2000 election, mandates probation and drug treatment for certain nonviolent drug offenders but excludes from the program other offenders—such as petitioner—who have previously committed serious or violent felonies and have not remained free of prison custody for five years. (§ 1210.1, subd. (b)(1).) The Court of Appeal held that the trial court had the power under section 1385 to disregard petitioner's criminal history, even though petitioner's ineligibility was not a charge or allegation in the information that could be dismissed, and remanded for the trial court to reconsider its sentence. We reverse, and hold instead that trial courts may not use section 1385 to disregard "sentencing factors" that are not themselves required to be a charge or allegation in an indictment or information.

## BACKGROUND

The Los Angeles County District Attorney charged petitioner with possession of methamphetamine and alleged a prior "strike," arising from his 1995 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)), as well as a prior prison term enhancement (§ 667.5, subd. (b)), arising from the same conviction. Petitioner pleaded not guilty and filed separate requests to have the trial court dismiss the "strike" allegation, so as to avoid the "Three Strikes" law, and to disregard "the prior or count being used to disqualify [him] from Proposition 36."

At a hearing, petitioner conceded that he was ineligible for mandatory drug treatment under Proposition 36, in that he had been convicted of a serious felony and had failed to remain free of custody for the five years preceding his nonviolent drug possession offense. He urged the court to invoke section 1385 to transform his eligibility. When the court agreed to dismiss the alleged strike but found that the *fact* of the prior conviction and resulting prison term rendered him "ineligible in this court's opinion for Prop[osition] 36 treatment," petitioner entered a plea of no contest. The court sentenced petitioner to the low term of 16 months and awarded credits of 189 days.

---

[3] A "sentencing factor" is "a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense." (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 494, fn. 19 [120 S.Ct. 2348, 2365, 147 L.Ed.2d 435] (*Apprendi*); accord, *People v. Hernandez* (1988) 46 Cal.3d 194, 205 [249 Cal.Rptr. 850, 757 P.2d 1013] [defining "sentencing facts"].)

Petitioner filed a notice of appeal and, very shortly thereafter, also filed a petition for writ of habeas corpus in the Court of Appeal, seeking a declaration that trial courts, by invoking section 1385, may disregard the eligibility factors enacted as part of Proposition 36. The Court of Appeal issued an order to show cause and, in a published opinion, held that trial courts could rely on section 1385 to disregard "historical facts" in determining a defendant's eligibility under Proposition 36. Based on its belief that the trial court had been unaware of this discretion, the Court of Appeal granted the writ and ordered the trial court to reconsider petitioner's sentence.

## Discussion

Proposition 36 outlines an alternative sentencing scheme for those convicted of certain narcotics offenses. In effect, it acts as an exception to the punishment specified in an individual narcotics offense.

Section 1210.1, subdivision (a), which was added to the Penal Code by Proposition 36, provides that "any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. . . . A court may not impose incarceration as an additional condition of probation." Petitioner's current offense, possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a), qualifies as a nonviolent drug possession offense. (Pen. Code, § 1210, subd. (a).)

The mandate of probation and treatment, however, does not apply to five defined classes of defendants:

"(1) Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person.

"(2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony.

"(3) Any defendant who: [¶] (A) While using a firearm, unlawfully possesses any amount of (i) a substance containing either cocaine base,

cocaine, heroin, methamphetamine, or (ii) a liquid, nonliquid, plant substance, or hand-rolled cigarette, containing phencyclidine. [¶] (B) While using a firearm, is unlawfully under the influence of cocaine base, cocaine, heroin, methamphetamine, or phencyclidine.

"(4) Any defendant who refuses drug treatment as a condition of probation.

"(5) Any defendant who (A) has two separate convictions for nonviolent drug possession offenses, (B) has participated in two separate courses of drug treatment pursuant to subdivision (a), and (C) is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment. Notwithstanding any other provision of law, the trial court shall sentence such defendants to 30 days in jail." (§ 1210.1, subd. (b).)

██ Petitioner concedes that he is statutorily ineligible for the benefits of Proposition 36. He was convicted of assault with a deadly weapon in 1995 and was not released from prison until 1998, less than three years before he committed his current drug offense. But the Court of Appeal, reasoning that he could *become* eligible if the trial court were to disregard these historical facts, held that section 1385 could give him what the electorate did not. We disagree with the Court of Appeal.

"The *only* action that may be dismissed under Penal Code section 1385, subdivision (a), is a criminal action or a part thereof." (*People v. Hernandez, supra,* 22 Cal.4th at p. 524, italics added.) We have consistently interpreted "action" to mean the "individual charges and allegations in a criminal action" (*id.* at pp. 521-522, 523; *People v. Burke, supra,* 47 Cal.2d at p. 50) and have never extended it to include mere sentencing factors. Thus, our courts have refused to permit trial courts to invoke section 1385 to dismiss sanity proceedings or a plea of insanity (*Hernandez, supra,* 22 Cal.4th at pp. 522-524); to reduce a verdict of first degree murder to second degree murder (*People v. Superior Court (Prudencio)* (1927) 202 Cal. 165, 173-174 [259 P. 943], disapproved on other grounds in *People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 501 [72 Cal.Rptr. 330, 446 P.2d 138]; cf. § 1181, pars. 6, 7); to reduce the offense of conviction to an uncharged lesser related offense (*People v. Smith* (1975) 53 Cal.App.3d 655, 657-658 [126 Cal.Rptr. 195]); or to enter a judgment of acquittal (*People v. Superior Court (Jonsson)* (1966) 240 Cal.App.2d 90, 92-93 [49 Cal.Rptr. 365], disapproved on other grounds in *People v. Superior Court (Howard), supra,* 69 Cal.2d at p. 501). A ruling that section 1385 could be used to disregard sentencing factors, which similarly are not included as offenses or allegations in an accusatory pleading, would be unprecedented.

It also would be inconsistent with our description of the *effect* of a section 1385 dismissal. As we have repeatedly emphasized, dismissal of a prior conviction allegation under section 1385 "is not the equivalent of a determination that defendant did not in fact suffer the conviction." (*People v. Burke, supra,* 47 Cal.2d at p. 51; *People v. Garcia* (1999) 20 Cal.4th 490, 496 [85 Cal.Rptr.2d 280, 976 P.2d 831].) "When a court strikes prior felony conviction allegations in this way, it ' "does not wipe out such prior convictions or prevent them from being considered in connection with later convictions." ' " (*People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 508, quoting *People v. Burke, supra,* 47 Cal.2d at p. 51.) Thus, while a dismissal under section 1385 ameliorates the effect of the dismissed charge or allegation, the underlying facts remain available for the court to use.[4] Hence, the trial court's dismissal of the "strike" allegation in this case did not wipe out the fact of the prior conviction and the resulting prison term that made petitioner ineligible under subdivision (b)(1) of section 1210.1.

Petitioner concedes that dismissal of a prior conviction allegation does not ordinarily eliminate the fact of the conviction but, quoting *People v. Burke,* contends that the underlying fact may only be "considered . . . with *later convictions.*" Thus, in petitioner's view, once the trial court has dismissed the "strike" allegation, the fact of the prior conviction can be used only in *subsequent* proceedings. Petitioner misreads *Burke.* As we explained in *People v. Garcia, supra,* 20 Cal.4th at page 499, "when a court has struck a prior conviction allegation, it has not 'wipe[d] out' that conviction as though the defendant had never suffered it; rather, the conviction remains a part of the defendant's personal history, and a court may consider it when sentencing the defendant for other convictions, *including others in the same proceeding.* With respect to the latter point, we can discern no reason for applying *Burke* differently simply because two convictions are part of a single proceeding rather than two different proceedings." (Italics added.)

Our conclusion that section 1385 may be used to dismiss sentencing allegations—but not sentencing factors—finds additional support in the law governing deferred entry of judgment, which is analogous to Proposition 36. (*People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 66 [113 Cal.Rptr. 21, 520 P.2d 405] ["diversion may also be viewed as a specialized form of probation"].) Under the deferred-entry-of-judgment statutes (Pen. Code, § 1000 et seq.), a defendant charged with specified drug offenses—including violations of Health and Safety Code section 11377—may participate in a drug education and treatment program in lieu of undergoing a criminal prosecution. If the defendant is eligible and consents to participate,

---

[4]This distinction accords with the text of section 1385, which authorizes a court to order an action to be *dismissed*—not to order that particular facts be *disregarded.*

the entry of judgment and sentencing are deferred for a period of 18 months to three years (Pen. Code, § 1000.2), during which time the defendant is referred to an appropriate drug rehabilitation program. If the defendant has performed satisfactorily during the period, the criminal charges shall be dismissed. (*Id.*, § 1000.3.) To be eligible, the defendant's current crime must have been nonviolent; the defendant must have had no prior narcotics convictions and no record of probation or parole violations; there must be no evidence of any narcotics offenses other than the ones enumerated in the statute; the defendant must not have received diversion or deferred entry of judgment in the preceding five years; and, as is pertinent here, the defendant must not have been convicted of a felony within the preceding five years. (*Id.*, § 1000, subd. (a).)

As in section 1210.1, nothing in the deferred-entry-of-judgment statutes requires that the defendant's ineligibility be alleged in the information or indictment. In *Sledge v. Superior Court* (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412], we explained the effect of this on the scope of judicial discretion: "[T]he statute leaves no room for weighing the effect of the facts: if for example the defendant has a prior narcotics conviction, subsection (1) of subdivision (a) of the statute automatically excludes him from the program. *There is no provision here . . . for the exercise of judicial discretion to admit an otherwise ineligible defendant to the program 'in the interests of justice'. . . .*" (*Id.* at p. 74, italics added; see *People v. Superior Court (Roam)* 69 Cal.App.4th 1220, 1229 & fn. 3 [82 Cal.Rptr.2d 119].) Similarly, here, there is no provision in section 1210.1 for the exercise of judicial discretion to admit an otherwise ineligible defendant to Proposition 36's mandatory drug treatment program.

We therefore hold that a trial court's power to dismiss an "action" under section 1385 extends only to charges or allegations and not to *uncharged* sentencing factors, such as those that are relevant to the decision to grant or deny probation (e.g., Cal. Rules of Court, rule 4.414(b)(1)) or to select among the aggravated, middle, or mitigated terms (e.g., *id.*, rule 4.421(b)(1)). Section 1210.1, like the deferred-entry-of-judgment statutes, does not require that the basis for a defendant's ineligibility be alleged in the accusatory pleading. In the absence of a charge or allegation, there is nothing to order dismissed under section 1385. The Court of Appeal thus erred in finding uncharged historical facts could be disregarded under section 1385.

Anticipating our holding regarding the scope of section 1385, petitioner urges us to find an implied pleading and proof requirement in section 1210.1. "Once a defendant's ineligibility is alleged," he reasons, "it can then be dismissed under section 1385, rendering the defendant eligible for Proposition 36."

There is authority for finding an implied pleading and proof requirement in criminal statutes. In *People v. Lo Cicero* (1969) 71 Cal.2d 1186 [80 Cal.Rptr. 913, 459 P.2d 241] (*Lo Cicero*), we recognized an implied pleading and proof requirement in the predecessor to Health and Safety Code section 11370, which prohibited probation for any defendant convicted of certain narcotics offenses if the defendant had previously been convicted of a narcotics offense. The statute did not expressly require the prior conviction establishing the defendant's ineligibility be pleaded and proved, but we recognized an implied pleading and proof requirement under *People v. Ford* (1964) 60 Cal.2d 772 [36 Cal.Rptr. 620, 388 P.2d 892], in which "we held that 'before a defendant can properly be sentenced to suffer the increased penalties flowing from . . . [a] finding . . . [of a prior conviction] the fact of the prior conviction . . . must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived.'" (*Lo Cicero, supra*, 71 Cal.2d at pp. 1192-1193, quoting *People v. Ford, supra*, 60 Cal.2d at p. 794.) We concluded that "[t]he denial of opportunity for probation involved here is equivalent to an increase in penalty, and the principle declared in *Ford* should apply." (*Lo Cicero, supra*, at p. 1193; see *People v. Ibarra* (1963) 60 Cal.2d 460, 467-468 [34 Cal.Rptr. 863, 386 P.2d 487]; *People v. Huffman* (1977) 71 Cal.App.3d 63, 82 [139 Cal.Rptr. 264].)

However, this case differs from *Lo Cicero* in one key respect: petitioner's prior conviction and the resulting prison term did not eliminate his opportunity to be granted probation. Although petitioner was ineligible for probation under the terms of section 1210.1, he *was* eligible for probation under section 1203, subdivision (e).[5] Thus, unlike *Lo Cicero*, this is not a case where the prior conviction absolutely denied a defendant the opportunity for probation. Rather, this case more closely resembles *People v. Dorsch* (1992) 3 Cal.App.4th 1346 [5 Cal.Rptr.2d 327] (*Dorsch*), in which the defendant's prior felony convictions made him ineligible for probation "'[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation . . . .'" (*Id.* at p. 1347, fn. 1, quoting § 1203, subd. (e)(4).) These prior convictions were included in the probation report but were not alleged in the charging document. (*Dorsch, supra*, at p. 1349.) Dorsch, like petitioner here, argued that the People had erred in failing to plead and prove the priors beyond a reasonable doubt. (*Ibid.*) The Court of Appeal rejected the claim and distinguished *Lo Cicero* on the ground that the prior conviction there had acted as a "bar" to probation (*Dorsch, supra*, at p. 1349) and had thereby eliminated the alternative to imprisonment. (*Id.* at p.

---

[5]Petitioner also could have received drug treatment as a condition of probation. (Health & Saf. Code, § 11373, subd. (a).)

1350; see also *People v. Ibarra, supra,* 60 Cal.2d at pp. 467-468 [suggesting that a prior conviction should be charged in the information when it left " 'no alternative, under the law as it is written, but to impose a state prison sentence' "]; *People v. Huffman, supra,* 71 Cal.App.3d at p. 82 ["if a defendant is going to be found ineligible for probation by reason of a prior felony conviction, it appears only just and fair that the prosecution allege and prove the prior"].) By contrast, the provisions of section 1203, subdivision (e)(4), which merely made probation less likely, "are not the equivalent of an increase in penalty." (*Dorsch, supra,* 3 Cal.App.4th at p. 1350.) The court also observed, in words equally applicable here, that "when a pleading and proof requirement is intended, the Legislature knows how to specify the requirement." (*Ibid.*) For these reasons, *Dorsch* found no implied pleading and proof requirement in section 1203.

We agree with *Dorsch.* (See generally *People v. Wiley* (1995) 9 Cal.4th 580, 586-587 [38 Cal.Rptr.2d 347, 889 P.2d 541].) Petitioner's criminal record, like the defendant's criminal record in *Dorsch,* did not absolutely preclude the opportunity for probation. It simply rendered him unfit for probation under a particular provision. This is not the equivalent of an increase in penalty. Accordingly, nothing in *Lo Cicero* required the prosecution to plead petitioner's ineligibility under Proposition 36. (*Dorsch, supra,* 3 Cal.App.4th at p. 1350, fn. 5 ["we are not aware of any decision holding that a failure to charge a prior conviction prohibits the court from considering the conviction as a sentencing fact under California Rules of Court, rules 414 (criteria affecting probation) and 421 (circumstances in aggravation)"].)[6]

Petitioner's final argument is that if a pleading requirement is not implied as a matter of statutory construction, it should be compelled as a matter of due process. We note, at the outset, that petitioner has not identified any case holding that a defendant is entitled as a matter of due process to notice in the accusatory pleading of his ineligibility for less restrictive alternate punishments. And, although there has been a flurry of recent cases outlining the scope of due process at sentencing, none supports the birthing of a pleading requirement here. Indeed, those cases prove just the opposite.

One line of cases, exemplified by *Apprendi, supra,* 530 U.S. 466, holds that any fact that increases the penalty for a crime beyond the statutory

---

[6]Petitioner argues that *Dorsch* was wrongly decided in that it ignored section 969, the final sentence of which states: "If more than one previous conviction is charged, the date of the judgment upon each conviction may be stated, and all known previous convictions, whether in this State or elsewhere, must be charged." Petitioner is mistaken. Section 969 does not itself articulate a duty to charge prior convictions but simply specifies, once a duty to charge a prior conviction is imposed by some other law, that *all* such priors be charged. (See §§ 969a, 969.5.)

maximum prescribed for that crime must be submitted to a jury and proved beyond a reasonable doubt. (*Id.* at p. 490 [120 S.Ct. at pp. 2362-2363]; *People v. Hernandez, supra,* 46 Cal.3d at pp. 197, 205.) Here, since the statutory maximum for petitioner's crime is three years in prison (Health & Saf. Code, § 11377, subd. (a)), no finding by the trial court *increased* the penalty beyond the statutory maximum. (See *People v. Sengpadychith* (2001) 26 Cal.4th 316, 326 [109 Cal.Rptr.2d 851, 27 P.3d 739].) Moreover, nothing in section 1210.1 could have created an enhancement to petitioner's sentence since, when it applies, section 1210.1 *reduces* the potential punishment. (*Apprendi, supra,* 530 U.S. at p. 491, fn. 16 [120 S.Ct. at pp. 2363-2364] ["Core concerns animating the jury and burden-of-proof requirements" are "absent" when a judge relies on uncharged facts to reduce a sentence below the statutory maximum]; *People v. Barasa* (2002) 103 Cal.App.4th 287, 294 [126 Cal.Rptr.2d 628] [*Apprendi* did not apply because "section 1210.1 effects a sentencing *reduction,* rather than an *increase* in the 'prescribed statutory maximum' sentence"]; see *People v. Solis* (2001) 90 Cal.App.4th 1002, 1022 [109 Cal.Rptr.2d 464] [*Apprendi* did not apply because " 'section 654 is not a sentencing "enhancement." On the contrary, it is a sentencing "reduction" statute' "]; cf. *People v. Hernandez, supra,* 46 Cal.3d at p. 206 [imposition of the kidnapping-for-rape enhancement "*increases* the range available to the court"].) Yet, even if we deemed section 1210.1 an enhancement, we still could not impose a pleading requirement as a matter of due process, for *Apprendi* does not apply to "sentence enhancement provisions that are based on a defendant's prior conviction." (*Sengpadychith, supra,* 26 Cal.4th at p. 326; *Apprendi, supra,* 530 U.S. at p. 490 [120 S.Ct. at pp. 2362-2363]; *Almendarez-Torres v. United States* (1998) 523 U.S. 224, 226 [118 S.Ct. 1219, 1222, 140 L.Ed.2d 350] [due process does not require that prior conviction supporting an enhanced sentence be alleged in the accusatory pleading].)

The other line of cases, exemplified by *McMillan v. Pennsylvania* (1986) 477 U.S. 79 [106 S.Ct. 2411, 91 L.Ed.2d 67], involves mandatory minimum sentencing laws. But, since petitioner remained eligible for probation under other provisions, section 1210.1 did not create a mandatory minimum sentence. And even if petitioner's criminal history *were* to bar him automatically from probation, due process would not require that the facts supporting imposition of a mandatory prison term be pleaded and proved. (*McMillan, supra,* 477 U.S. at pp. 87-88 [106 S.Ct. at pp. 2416-2417]; *Harris v. United States* (2002) 536 U.S. 545, 568 [122 S.Ct. 2406, 2420, 153 L.Ed.2d 524] (*Harris*).) In barring certain defendants from the Proposition 36 program, the voters " 'simply took one factor that has always been considered by sentencing courts to bear on punishment . . . and dictated the precise weight to be given that factor.' [Citation.] That factor need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt." (*Harris,* at p. 568.)

Nothing in *People v. Mancebo* (2002) 27 Cal.4th 735 [117 Cal.Rptr.2d 550, 41 P.3d 556] casts doubt on the foregoing analysis. *Mancebo*, like *People v. Hernandez, supra*, 46 Cal.3d 194, involved the imposition of a statutory enhancement that was not pleaded in the charging document. We explained that "in addition to the statutory requirements that enhancement provisions be pleaded and proven, a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked *to increase punishment for his crimes*." (*Mancebo, supra*, 27 Cal.4th at p. 747, italics added.) Here, as we have stated, petitioner's criminal history did not increase his punishment above the statutory maximum. It was merely a factor that guided the court in selecting among the punishments made available by petitioner's conviction of the charged offense. (*Harris, supra*, 536 U.S. at p. 560 [122 S.Ct. at pp. 2415-2416] (plur. opn.); *id.* at pp. 569-570 [122 S.Ct. at pp. 2420-2421] (conc. opn. of Breyer, J.).) Moreover, *Mancebo* explicitly distinguished the grant or denial of probation from the sentence enhancement at issue and warned that "[t]he due process fair notice concerns in this case are simply not implicated in the same way when a trial court exercises its broad discretion to declare a defendant probation-ineligible at sentencing without prior notice." (*Mancebo, supra*, 27 Cal.4th at p. 754.)

Thus, due process does not require the prosecutor to charge in the information the fact of a defendant's ineligibility for mandatory probation and drug treatment under section 1210.1. " 'Where the law permits the heaviest punishment, on a scale laid down, to be inflicted, and has merely committed to the judge the authority to interpose its mercy and inflict a punishment of a lighter grade, no rights of the accused are violated though in the indictment there is no mention of mitigating circumstances.' " (*Harris, supra*, 536 U.S. at p. 561 [122 S.Ct. at p. 2416] (plur. opn.); *id.* at pp. 569-570 [122 S.Ct. at pp. 2420-2421] (conc. opn. of Breyer, J.).) We therefore conclude that an accusatory pleading need not allege petitioner's ineligibility for mandatory probation and treatment under section 1210.1 nor the facts underlying that ineligibility.

In the absence of a charge or allegation concerning petitioner's ineligibility under subdivision (b) of section 1210.1, there was nothing for a court, acting under section 1385, to dismiss that could render petitioner eligible for mandatory probation and treatment under Proposition 36. The Court of Appeal erred in supposing otherwise.

Finally, we believe our holding best accords with the ballot summary, argument, and analysis of Proposition 36 distributed to voters for the

November 7, 2000, General Election.[7] Proponents of the measure assured voters that "Proposition 36 is *strictly limited*" and that individuals, such as petitioner, "previously convicted of violent or serious felonies . . . *will not be eligible* for the treatment program unless they've served their time and have committed no felony crimes for five years. If convicted of a non-drug crime along with drug possession, they're *not eligible*. If they're convicted of selling drugs, they're *not eligible*." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) argument in favor of Prop. 36, p. 26, italics added; see also *id.*, analysis of Prop. 36 by Legis. Analyst, pp. 23-24.) "Thus, the measure expressly excludes from the probation and drug treatment program violent and serious criminals unless certain very circumscribed conditions are met." (*People v. Superior Court (Turner)* (2002) 97 Cal.App.4th 1222, 1231 [119 Cal.Rptr.2d 170].) Our ruling maintains the strict limits envisioned by the voters.

Petitioner has no one but himself to blame for his predicament. Even nonviolent drug offenders who have previously committed serious or violent felonies may be eligible for Proposition 36 probation and treatment if, during the relevant five-year period, they have remained *free of prison custody* and have not committed certain other felonies or misdemeanors. (§ 1210.1, subd. (b)(1).) Indeed, *this* petitioner was originally sentenced to probation for his 1995 conviction for assault with a deadly weapon. Had he successfully completed probation (and thereby avoided prison), he would have satisfied the terms of Proposition 36. That petitioner instead chose to violate probation in that earlier case, was only then sentenced to prison, and now has committed a new offense less than five years after his release, places him in the narrow category of persons the voters have deemed ineligible for this special benefit. We perceive no unfairness in enforcing the eligibility criteria as written.

## DISPOSITION

The judgment of the Court of Appeal is reversed.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.

---

[7]We hereby grant the People's request for judicial notice of the ballot pamphlet materials relating to Proposition 36. (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 504, fn. 1.)