Filed 8/19/14  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059539 |
| v. | (Super.Ct.No. RIF091436) |
| ALWIN JACOB SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Alwin Jacob Smith appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1] Defendant filed a notice of appeal on August 19, 2013. We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by amended information with robbery (Pen. Code, § 211, count 1) and possession of a controlled substance (Health & Saf. Code, § 11350, count 2). The amended information also alleged that defendant served two prior prison terms (Pen. Code, § 667.5, subd. (b)),[2] and had three prior serious felonies (§ 667, subd. (a)) and four prior strike convictions (§§ 1170.12, subd. (c) & 667, subds. (c) & (e)). On November 27, 2000, defendant was convicted of counts 1 and 2, and the trial court made true findings on all of the prior conviction allegations.[3] The court sentenced defendant to an indeterminate term of 50 years to life on counts 1 and 2 under the three

---

[1] The People filed a request for judicial notice on February 21, 2014, asking that we take judicial notice of the Official Voter Information Guide for the California General Election of November 6, 2012, relating to Proposition 36. On March 13, 2014, we reserved ruling on the request for consideration with the appeal. We hereby grant the People's request. (See *In re Varnell* (2003) 30 Cal.4th 1132, 1144, fn. 7.)

[2] All further statutory references will be to the Penal Code, unless otherwise noted.

[3] We note that the appellate record does not include the verdict forms or minute orders. However, the convictions and true findings are reflected on the second amended abstract of judgment.

2

strikes law, plus 15 consecutive years on the prior serious felony convictions. The court

stayed the two prison prior enhancements.[4]

On June 18, 2013, defendant filed an in propria persona petition for writ of habeas

corpus, requesting that he be resentenced under section 1170.126. The court apparently

deemed the writ to be a petition for recall of sentence. It found defendant ineligible for

resentencing since he had a current conviction for robbery. (§ 1170.126, subd. (e)(1).)

On August 19, 2013, defendant filed a notice of appeal.

## ANALYSIS

### I. Appealability

As a threshold matter, we must address the People's argument that the trial court's

order is not appealable because the denial of his petition was not an order affecting his

substantial rights. As both parties acknowledge, Courts of Appeal are split on the issue

of whether an order on a postjudgment petition pursuant to section 1170.126 is an

appealable order, and the issue is pending before the California Supreme Court. (See,

e.g., *Teal v. Superior* Court (2013) 217 Cal.App.4th 308, reviewed granted July 31, 2013,

S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th

941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we

were to conclude it was a nonappealable order, we could, in the interest of judicial

economy and because of uncertainty in the law, treat defendant's appeal as a petition for

---

[4] This court subsequently struck the section 667.5, subdivision (b) enhancements. (See *People v. Smith* (Jan. 11, 2002, E029436) [nonpub. opn.].)

3

writ of habeas corpus or petition for writ of mandate.  (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].)  In any event, we will review defendant's appeal.

    II.  <u>The Court Properly Denied Defendant's Petition for Recall of Sentence</u>

Defendant argues that he is entitled to resentencing because his conviction for possession of a controlled substance (Health & Saf. Code, § 11350) is not a serious or violent felony, and it is not a disqualifying conviction.  In other words, defendant is only seeking resentencing on his conviction for possession of a controlled substance, not on his robbery conviction.  We conclude that defendant is not eligible for resentencing.

    A.  *Relevant Law*

The Three Strikes Reform Act of 2012 (the Act) amended sections 667 and 1170.12 and added section 1170.126.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).)  The Act changed the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life.  Under the original version of the three strikes law, a recidivist with two or more prior strikes who was convicted of any new felony was subject to an indeterminate life sentence.  (*Ibid.*)  "The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated

4

disqualifying factor." (*Ibid*.)  If these exceptions do not apply, then the court is to sentence the defendant as a second strike offender.  (*Id*. at pp. 167-168.)

"The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. [Citation.]" (*Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)  Section 1170.126, subdivision (e), states that an inmate is eligible for resentencing if:

"(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

If the court finds the defendant satisfies the criteria under section 1170.126, subdivision (e), then it shall resentence the defendant unless it determines that resentencing the defendant would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

B. *The Court Properly Found That Defendant Was Ineligible for Resentencing*

Defendant essentially contends that, in determining his eligibility for resentencing, the court should have *only* considered his conviction for possession of a controlled substance and not his robbery conviction. He asserts that possession of a controlled substance (Health & Saf. Code, § 11350) is neither a serious felony under section 1192.7, subdivision (c), nor a violent felony under section 667.5, subdivision (c). It is also not a disqualifying current conviction under section 1170.126, subdivision (e)(2). Defendant further notes that his prior strike convictions are not disqualifying prior convictions under section 1170.126, subdivision (e)(3). He claims he should be allowed to be resentenced on a single count under section 1170.126 simply because the language of the Act does not bar such action. We disagree.

The language of section 1170.126 indicates that a defendant is ineligible for resentencing if *any* of the offenses for which he is serving an indeterminate prison term is a serious and/or violent felony, even if one of the offenses is not a serious and/or violent felony. Section 1170.126, subdivision (a), provides that the resentencing provisions "apply exclusively to persons presently serving an indeterminate term of imprisonment . . . whose sentence under this act would not have been an indeterminate life sentence."

6

A person who committed at least one serious and/or violent felony would receive an indeterminate term of imprisonment under the Act. Furthermore, in submitting a petition for recall of sentence, a defendant must "specify all of the currently charged felonies, which resulted in the sentence under paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, or both, . . ." (§ 1170.126, subd. (d).) The fact that the statute requires the petitioner to list *all* of the currently charged felonies resulting in an indeterminate life sentence supports the conclusion that the court must consider *all* of the current felonies in determining eligibility for recall of sentence.

Here, in his petition, defendant was required to list all of his offenses that resulted in his life sentence. (§ 1170.126, subd. (d).) He properly did so and listed his convictions for robbery (§ 211) and possession of a controlled substance (Health & Saf. Code, § 11350). Consequently, the court considered both of these felonies in determining his eligibility for resentencing. Defendant's conviction for robbery rendered him ineligible for sentencing under section 1170.126, subdivision (e)(1). (§ 1192.7, subd. (c)(19) & 667.5, subd. (c)(9).) Thus, the court properly denied his petition for resentencing.[5]

---

[5] The People rely on *In re Martinez* (2014) 223 Cal.App.4th 610 in its brief, and defendant attempts to distinguish his case. However, that case is presently pending before the California Supreme Court, review granted May 14, 2014, S216922. Thus, we will not address the arguments in the briefs concerning that case.

Defendant contends that the legislative intent, as reflected in the Act's Voter Information Guide, favors his position. He asserts that "[t]here is nothing in the Legislative Analyst's analysis of the legislation or the ballot pamphlet that preclude[s] eligibility for mixed Three Strikes sentences where one sentence was for a violent or serious felony and one was for a nonviolent or nonserious felony." He goes on to argue that his 25-year-to-life sentence on the robbery count will ensure public safety, while the additional 25 years to life on the possession of a controlled substance count "neither increases public safety nor saves money." In fact, it "adds immeasurably to the costs of his incarceration, if left unchanged."

The evidence of the voters' intent in enacting the Act support the conclusion that defendant should not benefit from the Act's provisions. "The Act was added by the initiative process. Ballot pamphlet arguments have been recognized as a proper extrinsic aid in construing voter initiatives adopted by popular vote. [Citations.]" (*Yearwood*, *supra*, 213 Cal.App.4th at p. 171.) "The ballot arguments supporting Proposition 36 were primarily focused on increasing public safety and saving money." (*Ibid*.) The Voter Information Guide stated that "'Prop. 36 will help stop clogging overcrowded prisons with non-violent offenders, so we have room to keep violent felons off the streets' . . . ." (*Ibid*.) "The Act's proponents stated that 'Criminal justice experts and law enforcement leaders carefully crafted Prop. 36 so that truly dangerous criminals will receive no benefits whatsoever from the reform.' [Citation.]" (*Ibid*.)

8

Defendant is not a nonviolent offender who poses no risk to society. Because he was convicted of robbery, he has proven himself to be one of the "truly dangerous criminals" the Act intended to keep in prison. Thus, it would have been inconsistent with the Act's intent for the superior court to only consider his conviction for possession of a controlled substance and not his robbery conviction, in determining his eligibility for resentencing. While defendant claims that the sentence on his possession of a controlled substance count does not increase public safety, it clearly does since it keeps him off the streets for a longer period of time.

In the alternative, defendant argues that the rule of lenity should apply here. "'That rule generally requires that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation. But … 'that rule applies "only if two reasonable interpretations of the statute stand in relative equipoise." [Citation.]' [Citations.]" [Citations.]' [Citation.]" (*People v. Nuckles* (2013) 56 Cal.4th 601, 611.) The rule does not apply in every situation, but ""'"only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.'" [Citation.]' [Citation.]" (*Ibid*.) We see no "egregious ambiguity" or uncertainty here. Both the language of section 1170.126 and the stated goals of the Act support the conclusion that the superior court must consider all current felonies in determining eligibility for recall of sentence. The rule of lenity does not compel a different result.

9

We conclude the superior court correctly found that defendant was not eligible for resentencing under section 1170.126.[6]

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

MILLER
J.

---

[6] Defendant points out that the People's brief includes a subheading which states, "To the Extent the Statute is Ambiguous, the Reform Act Requires That It Be 'Liberally Construed' to Include Appellant's Firearm Possession Offense as a Disqualifying Offense." Since there was no disqualifying firearm possession conviction in this case, we assume that the subheading was an error.

10