YEGAN, J., Dissenting.
“Absurdity—I know it when I see it.” (Unzueta v. Ocean View School Dist. (1992) 6 Cal.App.4th 1689, 1702 [8 Cal.Rptr.2d 614] (dis. opn. of Gilbert, J.).) Even though I was the author of the majority opinion 22 years ago in Unzueta, I am still haunted by the dissenting opinion. I am finally able to use it.
I respectfully dissent because in my view the result reached by the majority opinion, while obedient to the “plain meaning rule” (see, e.g., People v. King (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27]), is in effect absurd. For those readers expecting a scholarly law review explanation of just why I have come to this conclusion, you will be disappointed. There are few, if any, sources guiding an appellate court on how to apply the absurdity *987 exception to the “plain meaning rule.” It does not matter what Lord Bramwell would have done. (Unzueta v. Ocean View School Dist., supra, 6 Cal.App.4th at p. 1698.) It does not matter what Judge Learned Hand would have done. (Id., at pp. 1692-1693.) It does not matter what Justice Macklin Fleming would have done. (Id., at p. 1699.) The question comes down to how an individual justice uses his or her common sense, judicial acumen, and sense of fairness in viewing the symmetry of the statutory scheme. I view the matter differently from the majority. As Justice Gilbert has indicated, absurdity “is in the mind of the beholder.” (Id., at p. 1702 (dis. opn. of Gilbert, J.).)
I am no stranger to the line of opinions dealing with the “plain meaning rule,” the absurdity exception, and the theoretical subtraction of language from a statute or the addition of language to a statute. (See, e.g., People v. Clayburg (2012) 211 Cal.App.4th 86, 88 [149 Cal.Rptr.3d 414] [refusing to subscribe to the “ ‘dictionary school of jurisprudence’ ”]; People v. Pecci (1999) 72 Cal.App.4th 1500 [86 Cal.Rptr.2d 43] [following the “plain meaning rule” and not applying the absurdity exception]; People v. Buena Vista Mines, Inc. (1996) 48 Cal.App.4th 1030 [56 Cal.Rptr.2d 21] [no choice but to add language to a statute]; Unzueta v. Ocean View School Dist., supra, 6 Cal.App.4th at p. 1699 [recognizing that each time “the ‘absurd result’ rule” is utilized by an appellate court, “a little piece is stripped from the written rule of law and confidence in legislative enactments is lessened”].) Each of these “dilemma” cases, whether civil or criminal, is sui generis, and must be judged by the mischief it creates or curtails. In my view, the majority opinion creates mischief.
The majority opinion relies upon In re Varnell (2003) 30 Cal.4th 1132 [135 Cal.Rptr.2d 619, 70 P.3d 1037] for the following rule: “Proposition 36 outlines an alternative sentencing scheme for those convicted of certain narcotics offenses. In effect, it acts as an exception to the punishment specified in an individual narcotics offense.” (Id., at p. 1136.) True enough as a general proposition but the Varnell opinion, written by Justice Baxter, certainly did not treat the issue presented by this appeal. The court’s observation is dicta. (See In re Marriage of Boswell (2014) 225 Cal.App.4th 1172, 1176-1177 [171 Cal.Rptr.3d 100].) It does not serve as a binding precedent on the issue presented here. “[C]ases are not authority for propositions not considered.” (People v. Ault (2004) 33 Cal.4th 1250, 1268, fn. 10 [17 Cal.Rptr.3d 302, 95 P.3d 523].)
The net effect of the majority opinion is as follows: nonviolent, recidivist drug offenders, including those who use or possess heroin, who have failed to reform after two courses of drug treatment and are found unamenable to *988 further treatment, shall receive no more and no less than a 30-day sentence without probation for a subsequent nonviolent drug offense. This is absurd because it (1) does not deter recidivism and, (2) places a premium on twice failing at drug treatment. Based on my experience with recidivist drug offenders in the trial courts, a mere 30-day sentence without probation will have little, if any, deterrent value in these circumstances. Instead of trying to overcome their drug problem, many recidivist offenders may prefer to serve 30 days in jail. This result will frustrate one of the stated purposes of Proposition 36: “To enhance public safety by reducing drug-related crime . . . .” (Prop. 36, § 3, subd. (c).)[1]
The majority asserts that the 30-day sentence “comports” with the Proposition 36 purpose of “reducing] the wasteful expenditure of money on the incarceration—and reincarceration—of nonviolent drug users.” (Maj. opn., ante, at p. 983, fn. omitted.) The full text of this purpose is “[t]o halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment.” (Prop. 36, § 3, subd. (b), italics added.) The hardcore recidivist drug offenders at issue here would not be better served by community-based treatment. They have been found unamenable to such treatment.
I do not believe that the voters had the majority opinion’s view in mind when they passed Proposition 36. The voter information guide arguments informed them as follows: “Treatment under Proposition 36 is not a free ride. The rules are strict. For example, if an offender . . . demonstrates that treatment isn’t working by repeatedly testing positive for drug use, the offender can be jailed for one to three years.” (Voter Information Guide, Gen. Elec., supra, argument in favor of Prop. 36, p. 26; see People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 528 [53 Cal.Rptr.2d 789, 917 P.2d 628] [voter information guide arguments may be used to show voters’ intent].) A voter who read this excerpt from the arguments would be shocked to learn that a defendant with two prior nonviolent drug convictions, who had unsuccessfully undergone two prior courses of drug treatment, could receive only a 30-day sentence without probation for a subsequent nonviolent drug conviction. Such a defendant has surely “demonstrate^] that treatment isn’t working.” It makes no sense that the penalty should decrease from “one to three years” to only 30 days after the courts have twice attempted to help a defendant overcome his drug problem and he has refused to be helped. Had the voters been truly informed of the result reached by the majority opinion, I am convinced that they would not have passed Proposition 36.
*989 Factually, a 30-day sentence for the recidivist drug abuser in this case is absurd. Over a 20-year period he has failed on at least five grants of probation with drug programs. He has even been to prison for possession of methamphetamine. His penchant for methamphetamine abuse has tom his family apart. Appellant’s father and sister appeared at sentencing and begged the trial court to help him. The trial court imposed probation in an attempt to help him. The trial court should be commended for trying to help appellant and his family. Now he gets only 30 days and no treatment. This result is at variance with statutory symmetry and does a disservice to appellant, his family, and the public.
The absurdity of the majority opinion’s view is further evidenced by Penal Code section 1210.1, former subdivision (c)(2). The subdivision provided: “If at any point during the course of drug treatment ... it is proved that the defendant [who may be a first-time drug offender] is unamenable” to drag treatment, “the court may revoke probation.” If the court revokes probation, it is free to sentence the defendant to the statutorily prescribed term for his offense, which could be as high as three years. For example, possession of heroin (Health & Saf. Code, § 11350, subd. (a)) is punishable by “imprisonment in a county jail for 16 months, or two or three years.” (Pen. Code, § 1170, subd. (h)(1).) On the other hand, a recidivist offender who is found unamenable to drug treatment can be sentenced to only 30 days for a subsequent drug offense. There is no justifiable reason why a first-time drug offender who is unamenable to treatment should be subject to a maximum penalty that is 36 times greater than the penalty for a subsequent offense committed by a recidivist drug offender who is also unamenable to treatment.
At one point in its opinion, the majority refer to the intent of the drafters of Proposition 36. (Maj. opn., ante, at p. 984.) It states that “[t]he drafters were aware of statutes which set minimum terms. [Citation.]” (Ibid.) “ ‘The opinion of drafters or of legislators who sponsor an initiative is not relevant since such opinion does not represent the intent of the electorate and we cannot say with assurance that the voters were aware of the drafters’ intent.’ ” (Greene v. Marin County Flood Control & Water Conservation Dist. (2010) 49 Cal.4th 277, 294, fn. 6 [109 Cal.Rptr.3d 620, 231 P.3d 350].)
What is the appropriate appellate remedy? I would construe the language in Penal Code section 1210.1, subdivision (b)(5) to provide that the 30-day mandatory sentence is a mandatory minimum period of incarceration as a condition of probation. This is what the trial court did. This is the Attorney General’s position on appeal. To me, it makes sense and would give appropriate symmetry to the statutory scheme. It is true that the courts should not judge the wisdom of a statute. (People v. Pecci, supra, 72 Cal.App.4th at p.1506, citing Wells Fargo Bank v. Superior Court (1991) 53 Cal.3d 1082, *990 1099 [282 Cal.Rptr. 841, 811 P.2d 1025].) But the result reached by the majority is beyond unwise. It just does not hit my ear right. I can just see appellant chuckling when his attorney tells him that his wrist has been slapped with the full wrath of the law. I therefore dissent.
A petition for a rehearing was denied November 12, 2014. Yegan, J., was of the opinion that the petition should be granted. Respondent’s petition for review by the Supreme Court was denied January 28, 2015, S222866.

 (Voter Information Guide, Gen. Elec. (Nov. 7, 2000) text of Prop. 36, p. 66.)