Filed 2/8/21  P. v. Foster CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE ,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>FLOYD FOSTER, JR.,<br><br>　　　Defendant and Appellant. | F079672<br><br>(Super. Ct. No. F17906222)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Nirav K. Desai, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Peña, Acting P.J., Snauffer, J. and DeSantos, J.

Defendant Floyd Foster, Jr., was convicted of two counts of felony driving while intoxicated and one count of driving without a license. He contends on appeal that (1) the trial court erred in imposing indeterminate life terms of imprisonment pursuant to Penal Code section 667, subdivision (e)(2)(C),[1] despite striking his conviction for a sexually violent offense (one of the "super strike" felonies listed in section 667, subdivision (e)(2)(C)(iv)), and (2) his two one-year prior prison term enhancements should be stricken pursuant to section 667.5, subdivision (b), as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People agree with defendant on both issues. We vacate the two indeterminate life terms and remand with direction for the trial court to strike the prior prison term enhancements and resentence defendant.

## PROCEDURAL SUMMARY

On August 3, 2018, the Fresno County District Attorney filed an information charging defendant with felony driving with a blood-alcohol level of at least 0.08 percent (Veh. Code, § 23152, subd. (b); count 1), felony driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 2), and misdemeanor driving on a license suspended or revoked for driving under the influence of alcohol (Veh. Code, § 14601.2, subd. (a); count 3). The information further alleged as to counts 1 and 2 that defendant had suffered three prior convictions for driving under the influence (Veh. Code, § 23550, subd. (a)) and three prior felony "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served two prior prison terms (§ 667.5, subd. (b)).

On April 25, 2019, defendant pled no contest on count 3 but maintained his plea of not guilty on counts 1 and 2. On May 1, 2019, a jury found defendant guilty on counts 1 and 2.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

On May 8, 2019, in a bifurcated proceeding outside the presence of the jury, the trial court found true the allegations that defendant had suffered three convictions for driving under the influence and three prior strike convictions, and had served two prior prison terms. The prior strike convictions were for forcible rape in concert (§ 264.1), robbery (§ 211), and arson (§ 451, subd. (d)). The prior prison terms were served for convictions of receiving stolen property (§ 496, subd. (a)) and arson (§ 451, subd. (d)).

On July 22, 2019, the trial court denied defendant's requests to reduce his prior felony DUI convictions to misdemeanors pursuant to section 17. The trial court further declined to strike defendant's prior strike convictions for arson and robbery, but did strike defendant's prior strike conviction for rape in concert pursuant to section 1385, subdivision (a), and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The trial court then sentenced defendant to a term of 25 years to life plus two years as follows: on count 1, 25 years to life; on count 2, 25 years to life, stayed pursuant to section 654; and on count 3, credit for time served. The trial court also imposed two one-year prior prison term enhancements.

On July 23, 2019, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On October 9, 2017, at 11:24 p.m., a Fresno County Sheriff's deputy initiated a traffic stop on a white SUV that defendant drove. The deputy smelled the odor of alcohol emanating from inside the vehicle and saw that defendant's eyes were watery and bloodshot. The deputy directed defendant to exit the vehicle and walk to the rear of the vehicle. As defendant walked the deputy noticed that defendant was unsteady and swayed back and forth.

On the same night, at about 11:55 p.m., a California Highway Patrol officer arrived to assist in the investigation. The officer noted defendant's speech was occasionally slurred and his breath smelled of alcohol. The officer then administered a field sobriety test, the result of which suggested that defendant was under the influence of

3.

a depressant. The officer also administered several breath tests which resulted in a blood-alcohol content of 0.116 at 12:11 a.m., 0.110 at 12:14 a.m., 0.10 at 12:25 a.m., and 0.10 at 12:28 a.m.

## DISCUSSION

### The Three Strikes Law Sentencing

Defendant argues the trial court erred in striking his prior strike conviction for rape in concert but nevertheless imposing 25-years-to-life terms of imprisonment on counts 1 and 2. The People agree, as do we.

At sentencing, the trial court inquired of the parties whether, even if it struck defendant's super strike conviction allegation, it would be required to impose a sentence pursuant to the Three Strikes law because of the "historical fact" of the conviction. The parties agreed that if the trial court struck the super strike conviction allegation, it could not sentence defendant to 25-years-to-life terms as a third-strike defendant. Despite the parties' agreement, the trial court struck the super strike conviction allegation then imposed 25-years-to-life sentences pursuant to the Three Strikes law.

Under the Three Strikes law, a defendant with two or more previous strikes must be sentenced as a third-strike defendant—to a term of at least 25-years-to-life—if the current conviction is a strike offense or, as relevant here, if the prosecutor "ple[ads] and prove[s]" defendant has previously been convicted of one or more of the super strike felonies listed in section 667, subdivision (e)(2)(C)(iv), which includes sexually violent offenses. (§§ 667, subd. (e)(1), (e)(2)(C), 1170.12, subd. (c)(2)(C)(iv); see Welf. & Inst. Code, § 6600; *People v. Johnson* (2015) 61 Cal.4th 674, 681–682.) Forcible rape by concert (§ 264.1) is a sexually violent offense within the meaning of section 6600 of the Welfare and Institutions Code and is therefore a super strike felony. (§§ 667, subd. (e)(2)(C)(iv)(I), 1170.12, subd. (c)(2)(C)(iv).)

Section 1385 empowers a trial court to "order an action to be dismissed" in furtherance of justice, on its own or the prosecution's motion. (§ 1385, subd. (a).) Our

4.

Supreme Court held in *Romero*, *supra*, 13 Cal.4th 497, that a trial court has discretion under section 1385 to dismiss a prior strike when the court finds a defendant falls outside the spirit of the Three Strikes law. (*Romero*, at pp. 529–530.) However, a trial court's dismissal of a prior conviction allegation pursuant to *Romero* " ' "does not wipe out such prior convictions[2] or prevent them from being considered in connection with later convictions." ' " (*Id*. at p. 508.) Instead, it simply reflects the court's determination that, in the interest of justice, the "defendant should not be required to undergo a statutorily increased penalty which would follow from judicial determination of [the alleged] fact." (*Ibid*.) Imposition of a 25-years-to-life sentence based on a super strike conviction requires the prosecutor to "ple[a]d and prove[ ]" the defendant suffered a super strike conviction. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) When a trial court strikes a super strike allegation, that allegation is not proved for purposes of imposition of a 25-years-to-life sentence under section 667, subdivision (e)(2)(C).

Because the trial court struck defendant's super strike conviction and his present offense of conviction was not a strike, he was not eligible to be sentenced as a third-strike defendant. For that reason, defendant's 25-years-to-life sentences on counts 1 and 2 must be vacated and he must be resentenced as a second-strike defendant.

### Prior Prison Term Enhancements

Defendant argues his two prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

---

**2** For instance, even where a strike conviction is stricken, the trial court must consider the conviction weighing "*uncharged* sentencing factors, such as those that are relevant to the decision to grant or deny probation [citation] or to select among the aggravated, middle, or mitigated terms." (*In re Varnell* (2003) 30 Cal.4th 1132, 1139.) "A ruling that section 1385 could be used to disregard sentencing factors, which similarly are not included as offenses or allegations in an accusatory pleading, would be unprecedented." (*Id*. at p. 1137.)

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed two one-year section 667.5, subdivision (b) prior prison term enhancements for terms served for convictions of receiving stolen property (§ 496, subd. (a)) and arson (§ 451, subd. (d)), neither of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). We therefore direct the trial court to strike defendant's prior prison term enhancements.

Where a portion of a sentence is stricken, " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) On remand, the trial court is directed to conduct a full resentencing in light of the changed circumstances.

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for resentencing. On remand, the trial court shall strike defendant's prior prison term enhancements (§ 667.5, subd. (b)).