Filed 3/3/16  P. v. Byrd CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078403 |
| v. | (Super. Ct. No. 62132801) |
| TIMMY LEE BYRD, | |
| Defendant and Appellant. | |

Defendant Timmy Lee Byrd pleaded no contest to felony possession of heroin and admitted a prior strike conviction for residential burglary.  After the plea but prior to sentencing, Proposition 47, the Safe Neighborhoods and Schools Act, took effect, and defendant filed a motion asking the trial court to sentence him to a misdemeanor. The trial court found defendant ineligible for Proposition 47 relief due to his status as a Penal Code section 290 registrant and sentenced him to two years eight months in prison.

Defendant now contends the trial court erred in denying his motion to sentence him for a misdemeanor under Proposition 47 because the disqualifying factor relied upon by the trial court -- defendant's status as a Penal Code section 290 registrant -- was not pleaded and proved.

We conclude the basis for Proposition 47 ineligibility need not be pleaded and proved and the trial court did not err.  We will affirm the judgment.

1

## BACKGROUND

The underlying facts giving rise to the crimes are not relevant to the contentions on appeal. It is sufficient to note that on September 9, 2014, defendant pleaded no contest to possession of heroin (Health & Saf. Code, § 11350, subd. (a))[1] and he also admitted a prior strike conviction for residential burglary (Pen. Code, §§ 459, 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Proposition 47 was enacted and became effective after defendant's plea but before sentencing. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Rivera,* at p. 1091.) As amended by Proposition 47, section 11350 now provides that a violation of that section is a misdemeanor, unless the defendant has a prior conviction for a "super strike" offense or for an offense that requires registration as a sex offender under Penal Code section 290, subdivision (c). (*Rivera,* at p. 1092.)

Proposition 47 also enacted Penal Code section 1170.18, which provides a new statutory remedy for a person currently serving a sentence for a conviction of a felony who would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense. (Pen. Code, § 1170.18, subd. (a).) Under Penal Code section 1170.18, subdivision (a), a person previously convicted of a felony, which would be a misdemeanor under Proposition 47, may petition the trial court for resentencing in accordance with section 11350 as amended. (Pen. Code, § 1170.18, subd. (a).) "[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.)

---

[1] Undesignated statutory references are to the Health and Safety Code.

After the plea but before sentencing in this case, defendant filed a motion asking the trial court to sentence him to a misdemeanor under Proposition 47. The People opposed the motion, arguing that defendant's status as a Penal Code section 290 registrant precluded such relief.[2] According to the People, defendant had two prior convictions (for annoying or molesting a child) in Lake County Superior Court case No. CR20960-01, resulting in the requirement that he register as a sex offender. (Pen. Code, § 647.6.)

The trial court determined that defendant is ineligible for Proposition 47 relief due to his status as a Penal Code section 290 registrant. Defendant did not object except to assert for the record that it was improper for the trial court to "look beyond the plea form and the plea and the complaint" in determining eligibility for Proposition 47 relief. The trial court rejected the argument, concluding that the basis for Proposition 47 ineligibility need not be pleaded and proved. The trial court raised the issue of defendant wanting to withdraw his plea, but defense counsel represented that "[w]e are not proceeding with the motion to withdraw plea."

The trial court sentenced defendant to two years eight months in prison.

DISCUSSION

Defendant contends the trial court erred in denying his motion to sentence him for a misdemeanor under Proposition 47 because the disqualifying factor relied upon by the trial court -- defendant's status as a Penal Code section 290 registrant -- was not pleaded and proved.

---

[2] The People also argued, as they do on appeal, that defendant's motion was procedurally improper. According to the People, where, as here, a defendant is convicted of a violation of section 11350 prior to the enactment of Proposition 47, he must wait until he is sentenced and the judgment becomes final before petitioning the trial court for Proposition 47 relief. But because defendant's appellate contentions lack merit, we need not address the People's procedural argument.

As defendant concedes, there is no language in Proposition 47 expressly requiring the People to plead and prove a disqualifying factor. In fact, a defendant seeking to be resentenced under Proposition 47 has the burden to show his eligibility for resentencing. (*People v. Sherow, supra*, 239 Cal.App.4th at pp. 878-879.)

When a pleading and proof requirement is intended, the drafters of a proposition know how to specify the requirement. (*In re Varnell* (2003) 30 Cal.4th 1132, 1141; see *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1303, fn. 26 [finding no requirement to plead and prove under retrospective part of Proposition 36 because the drafters omitted any such requirement]; accord *People v. Elder* (2014) 227 Cal.App.4th 1308, 1314-1315.) A pleading and proof requirement will generally not be implied. (See *People v. Griffis* (2013) 212 Cal.App.4th 956, 962-965.)

Nevertheless, defendant argues a pleading and proof requirement should be implied here because the penalty for violating section 11350 is increased if a defendant has a disqualifying factor. We conclude, however, that a trial court's determination that a defendant is ineligible for Proposition 47 relief does not increase the defendant's punishment; it merely determines his ineligibility for a mitigated sentence to which he was not constitutionally entitled. (See *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063 [facts invoked to render an inmate ineligible for resentencing under Proposition 36 do not increase the penalty for a crime beyond the statutory maximum and need not be pleaded or proved]; *People v. Lara* (2012) 54 Cal.4th 896, 901, 905-906 [facts used to disqualify certain individuals from receiving presentence conduct credits need not be pleaded or proved because the disqualifying facts do not increase the penalty for a crime beyond the statutory maximum].) Accordingly, we also reject defendant's claim that the consideration of a disqualifying factor not pleaded and proved violated his constitutional right to due process and his Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt. (See *People v. Superior Court (Kaulick), supra*, 215 Cal.App.4th at

4

pp. 1302-1305; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 804-805.) Defendant has not cited case authority holding that he has a due process right to notice in the accusatory pleading of his ineligibility for Proposition 47 relief. (See *In re Varnell, supra*, 30 Cal.4th at pp. 1141-1143.)

Defendant was afforded due process -- notice and a fair hearing -- regarding whether there was a disqualifying factor rendering him ineligible for Proposition 47 relief. The People gave defendant notice of the asserted disqualifying factor in their opposition to defendant's motion for Proposition 47 relief, and defendant had a reasonable opportunity to respond. Faced with the People's assertion of the disqualifying factor, defendant did not deny the accuracy of the disqualifying fact and made no contrary offer of proof. Instead, defendant asserted the legal argument -- failure to plead and prove -- that we now determine lacks merit. The trial court correctly rejected defendant's argument and determined that his status as a Penal Code section 290 registrant rendered him ineligible for Proposition 47 relief.

DISPOSITION

The judgment is affirmed.

/S/
Mauro, J.

We concur:

/S/
Butz, Acting P. J.

/S/
Hoch, J.

5