Filed 5/4/16  P. v. Swett CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEITH JASON SWETT,<br><br>Defendant and Appellant. | B262823<br><br>(Los Angeles County<br>Super. Ct. No. MA055758) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed.

Ken K. Behzadi, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Keith Jason Swett appeals from the order denying his petition for resentencing under Proposition 47. (Pen. Code, § 1170.18.)[1] We affirm because appellant has not met his burden of showing that he is eligible for resentencing under the proposition.

## FACTUAL AND PROCEDURAL SUMMARY

In 2012, appellant pled no contest to attempted grand theft auto and admitted a prior prison term. (§§ 487, subd. (d)(1); 664; 667.5, subd. (b).) He was sentenced to 30 months in prison and placed on a three-year probation, which subsequently was revoked.

In 2014, appellant filed a one-page form petition for resentencing under section 1170.18. The court denied the petition without prejudice. Assuming attempted grand theft is included within Proposition 47, the court held appellant had not met his burden of showing the value of the property at issue was less than $950. This appeal followed.

## DISCUSSION

Penal Code section 1170.18, which was added by Proposition 47, allows persons previously convicted of felonies that would be misdemeanors under Proposition 47 to petition for resentencing. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878–879 (*Sherow*).) Section 490.2, subdivision (a) provides that "[n]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," unless the defendant has one or more disqualifying prior convictions. Section 487, subdivision (d)(1) specifies that "grand theft" is committed when the property taken is an automobile.

Proposition 47 does not expressly mention attempts. Without deciding the issue, we follow the parties' and trial court's assumption that attempted grand theft is subject to the proposition. A number of courts have concluded that a defendant bears the initial

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

burden of showing eligibility for resentencing under Proposition 47, including the value of the property at issue. (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 136–137; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449–450; *Sherow*, *supra*, 239 Cal.App.4th at pp. 878–880.) That is because ‘“‘“a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.”’”’ (*Id.* at p. 879; see Evid. Code, § 500.)

Appellant's arguments to the contrary are not persuasive. He reasons that because section 1170.18 does not assign the burden of proof, and the record of conviction is silent as to the value of property, eligibility for resentencing must be presumed. He purports to derive this reasoning from *People v. Rells* (2000) 22 Cal. 4th 860 (*Rells*) and *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*). Without regard to the context in which they were decided, appellant reads those cases as standing for the broad propositions that whenever a statute is silent about the burden of proof, a pre-existing presumption applies, and the least serious offense must be presumed on a silent record. Neither case can be read so broadly.

*Rells* extended the explicit presumption of mental competence applicable at an original competence trial (§ 1369) to a retrial after a mandatory commitment (§ 1372). (*Rells*, *supra*, 22 Cal. 4th at pp. 867–868.) In contrast, here no pre-existing statutory presumption is at issue. *Guerrero* cannot be read to require that the least serious offense be presumed on a silent record in all cases. The issue in *Guerrero* was whether a prior federal conviction could be used for enhancement purposes, an issue on which the prosecution has the burden of proof. (*Guerrero*, *supra*, 44 Cal.3d at pp. 354–355; see *People v. Towers* (2007) 150 Cal.App.4th 1273, 1277 [“prosecution bears the burden of proving beyond a reasonable doubt that a defendant's prior convictions were for either serious or violent felonies”].) In contrast, here appellant is seeking more favorable treatment, which is why he has the burden of showing eligibility.

Appellant contends that cases decided under the Three Strikes Reform Act of 2012 (Proposition 36) support his position. We disagree. In *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, the court held that the prosecution must establish

the defendant's dangerousness under section 1170.126, subdivision (f) by preponderance of the evidence. (*Id*. at pp. 1301–1305.) The issue of dangerousness arises only after the defendant has established his eligibility for resentencing. (See *People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979, 987 [once eligibility for resentencing is determined, burden shifts to prosecution to establish dangerousness].)

In *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333–1334 , the court declined to import a "plead and prove" requirement into section 1170.126, subdivision (e) to establish a defendant's ineligibility for resentencing. It concluded that eligibility should be determined on the record of conviction, following *Guerrero*, *supra*, 44 Cal.3d 355. (*Bradford*, at pp. 1339–1340.) The record in *Bradford* showed the petitioner had used wire cutters to cut sensor tags off merchandise, and the court found the evidence insufficient to conclude he had been armed with a deadly weapon during the theft offenses, which would have made him ineligible for resentencing under Proposition 36. (*Id*. at pp. 1342–1343.) We decline to consider whether the *Bradford* court's reliance on *Guerrero* means that the prosecution has the burden to prove the defendant's ineligibility for resentencing in Proposition 36 cases. As explained in *Sherow*, *supra*, 239 Cal.App.4th at page 880, a petition for resentencing pursuant to Proposition 47 must make a sufficient initial showing of eligibility to permit further factual determination.

In arguing that the value of property must be proven beyond a reasonable doubt, appellant conflates the requirements for proving the elements of a crime or an enhancement in an original prosecution with those for reducing an already imposed penalty. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880.) Because Proposition 47 reduces rather than increases criminal penalties, there is no constitutional requirement that facts be proven beyond a reasonable doubt. (Cf. *In re Varnell* (2003) 30 Cal.4th 1132, 1141–1142, citing *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EPSTEIN, P. J.

We concur:



        WILLHITE, J.



        COLLINS, J.