Filed 10/2/24  P. v. Watson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBBIE GENE WATSON, JR.,<br><br>    Defendant and Appellant. | C099896<br><br>(Super. Ct. No. CRF140000020) |

In 2014, defendant Robbie Gene Watson, Jr., repeatedly beat his wife with his fists, a posthole digger, and an aluminum pole, hitting her even while she was holding their two-year-old daughter.  The details of the attack are not relevant to the contentions in this appeal but are set forth in this court's opinions from prior appeals.  (See *People v. Watson* (May 10, 2016, C078754) [nonpub. opn.] (*Watson I*); *People v. Watson* (April 7, 2021, C077197) [nonpub. opn.] (*Watson II*).)

A jury convicted defendant of torture, assault with a deadly weapon, spousal abuse with a prior conviction, dissuading a witness by force or fear, child abuse/endangerment, criminal threats, assault by means of force likely to produce great bodily injury, false

1

imprisonment by force, dissuading a witness, and resisting arrest. The trial court sentenced defendant to an aggregate 19 years to life in prison. The sentence included a five-year prison term imposed as part of a negotiated plea agreement in a prior 2013 felony spousal abuse case (the 2013 case) involving the same victim. In separate appeals in the 2013 case and the 2014 case, this court struck a domestic violence fee and ordered correction of an abstract of judgment, but otherwise affirmed the judgments. (*Watson I, supra*, C078754; *Watson II, supra*, C077197).)

In 2023, the trial court resentenced defendant under Penal Code section 1172.75, reducing his sentence to an aggregate 14 years to life in prison.[1] Defendant now appeals from the resentencing judgment, arguing the trial court (1) abused its discretion in failing to reduce his count 1 torture conviction to a lesser crime with a determinate term, and (2) erred in finding it had no discretion to alter an upper term sentence imposed as part of a stipulated plea bargain in the 2013 case.

Concluding that defendant's contentions either lack merit or are forfeited, we will affirm the judgment.

BACKGROUND

A jury found defendant guilty of torture (§ 206 – count 1), assault with a deadly weapon (§ 245, subd. (a)(1) – count 2), inflicting corporal injury on a spouse resulting in a traumatic condition, with a prior domestic violence conviction (hereafter spousal abuse with a prior conviction) (§ 273.5, subd. (f)(1) – count 4), dissuading a witness by force or fear (§ 136.1, subd. (c)(1) – count 5), child abuse/endangerment (§ 273a, subd. (a) – count 6), criminal threats (§ 422 – count 7), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) – count 8), false imprisonment by force (§ 236/237 – count 9), dissuading a witness (§ 136.1, subd. (a)(1) – count 10), and

---

[1] Undesignated statutory references are to the Penal Code.

resisting arrest (§ 148, subd. (a)(1) – count 12). The jury found true allegations that defendant inflicted great bodily injury upon the victim (§ 12022.7, subd. (e)). The allegation that defendant committed the offenses while released from custody on his own recognizance pending judgment in the 2013 case (§ 12022.1, subd. (a)) was found true or was admitted.

The trial court sentenced defendant to an aggregate prison term of 19 years to life on January 23, 2015. The sentence included a term of life with the possibility of parole after a minimum of seven years on the count 1 torture conviction, two years on count 5 dissuading a witness conviction, two years on the count 10 dissuading a witness conviction, two years on a section 12022.1, subdivision (a) enhancement, and one year on a section 667.5, subdivision (b) enhancement. The sentence also included an upper term sentence of five years in the 2013 case, imposed on June 23, 2014, based on a stipulated term as part of a negotiated plea.

In July 2022, the Department of Corrections and Rehabilitation notified the trial court that defendant was qualified for resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess.). Defendant sought a full resentencing under section 1172.75 and amended sections 1385, subdivision (c) and 1170, subdivision (b). Among other things, he asked the trial court to (1) strike the section 12022.1, subdivision (a) enhancement pursuant to section 1385, subdivision (c); (2) dismiss the count 1 torture conviction or reduce it to the lesser included crime of assault with a deadly weapon by means of force likely to produce great bodily injury pursuant to section 1385, subdivision (a); and (3) impose a lower sentence in the 2013 case pursuant to amended section 1170, subdivision (b).

Acknowledging that defendant was entitled to a full resentencing, the trial court struck the sentence on the section 667.5, subdivision (b) prior prison term enhancement and exercised its discretion to reduce the counts 5 and 10 dissuading a witness felony convictions to misdemeanors based on defendant's good conduct in prison. The new

3

aggregate term was 14 years to life in prison. The trial court said the new sentence appropriately reflected the gravity of the offenses.

DISCUSSION

I

Defendant contends the trial court abused its discretion in failing to reduce his count 1 torture conviction to a lesser crime with a determinate term.

As the trial court recognized, defendant was entitled to a full resentencing. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 854-855, 858.) In resentencing under section 1172.75, the trial court was required to apply the sentencing rules of the Judicial Council and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing," including amendments to sections 1385 and 654. (§ 1172.75, subd. (d)(2); see *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1283 (*Renteria*); *People v. Coddington* (2023) 96 Cal.App.5th 562, 565, 568-569.) In addition, a trial court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

Under section 1385, a trial court may, among other things, dismiss sentencing enhancements and individual counts in accusatory pleadings. (*In re Varnell* (2003) 30 Cal.4th 1132, 1134.) Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 to specify factors a trial court must consider in deciding whether to dismiss sentencing enhancements. (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

4

Defendant argues the trial court should have considered the mitigating circumstances enumerated in section 1385, subdivision (c) with regard to his torture conviction.  But section 1385, subdivision (c) refers to enhancements, not individual counts.  Defendant has not persuaded us that section 1385, subdivision (c) authorized the trial court to reduce his jury conviction to an uncharged lesser related offense.  (See, e.g., *Varnell, supra*, 30 Cal.4th at p. 1137.)

In any event, defendant has not established an abuse of discretion.  We presume the trial court was aware of and followed the applicable law (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114), that it "considered all of the relevant factors" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), and that it acted to achieve legitimate sentencing objectives (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony*)).  " ' "The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court['s] . . . discretionary determination to impose a particular sentence will not be set aside on review." ' "  (*Id.* at pp. 376-377.)  "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*Id.* at p. 377.)

The record shows that in resentencing defendant, the trial court considered mitigating and post-conviction factors, defendant's criminal record, and the circumstances of the 2014 offenses.  The trial court appropriately considered the nature and circumstances of the current offenses and defendant's prior felony convictions.  (See *People v. Williams* (1998) 17 Cal.4th 148, 161.)  The 2014 spousal abuse conviction was defendant's fifth conviction for such an offense.  Defendant previously violated probation, he committed the 2013 spousal abuse offense while on parole, and he committed the 2014 spousal abuse offense while released from custody on his own recognizance.  The trial court noted there was an incident with defendant's father when defendant was a child, but said defendant had been given opportunities to rehabilitate and

5

yet continued to reoffend. In discussing records submitted with the petitions, the trial court acknowledged that defendant was diagnosed with bipolar disorder and post-traumatic stress disorder, and that his file indicated he experienced childhood trauma. The trial court also considered post-conviction factors that defendant had completed various programs and courses while incarcerated and had admitted fault for his conduct, but also had two disciplinary incidents while incarcerated. Despite those incidents, the trial court reduced two dissuading a witness felony convictions to misdemeanors because defendant had generally shown good conduct in prison. Nevertheless, the trial court said the evidence showed the attack on defendant's wife was intended to cause extreme pain and suffering for the purpose of revenge, and that it was egregious. Considering the gravity of the threats and violence against defendant's wife, and defendant's continued spousal abuse despite being afforded opportunities to rehabilitate, the trial court determined that a lesser sentence on the torture conviction was not warranted.

In considering a request under section 1385, the trial court must ultimately determine whether a lesser sentence would be in furtherance of justice. (§ 1385, subd. (a); *People v. Walker* (2024) 16 Cal.5th 1024, 1033.) The existence of a mitigating circumstance does not require dismissal unless a finding of danger to public safety has been made. (*Walker,* at p. 1033.) Sentencing courts may determine that countervailing factors other than danger to others may " 'neutralize even the great weight of the mitigating circumstance, such that dismissal . . . is not in furtherance of justice.' " (*Id*. at p. 1036.) On this record we find no abuse of discretion.

Defendant further urges that under amended section 654, the trial court should have stayed sentence on the count 1 torture conviction and instead ordered execution of sentence on the count 8 conviction for assault by means of force likely to produce great bodily injury.

"Section 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) Effective January 1, 2022,

6

Assembly Bill No. 518 (2021-2022 Reg. Sess.) amended section 654 to provide a trial court new discretion to impose a lower sentence. (*People v. Cota* (2023) 97 Cal.App.5th 318, 340.) Prior to the amendment, section 654 required the sentencing court to punish the defendant for "an act or omission that is punishable in different ways by different provisions of law" by imposing the sentence that "provides for the longest potential term of imprisonment" and staying execution of the other term. (Stats. 1997, ch. 410, § 1.) Following the amendment, a trial court is no longer required to impose the longest possible term of imprisonment when multiple offenses are based on the same act or omission, but may impose the shorter sentence. (§ 654, subd. (a); *Cota,* at p. 340; *People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

The Assembly Bill No. 518 amendment to section 654 had been in effect for more than a year when defendant filed his petition for resentencing. But defendant did not ask the trial court to consider amended section 654 in resentencing him, nor did he object when the trial court did not consider amended section 654. Defendant's appellate claim is, therefore, forfeited. (See *Carmony, supra*, 33 Cal.4th at pp. 375-376; *People v. Scott* (1994) 9 Cal.4th 331, 351.)

Defendant's claims with regard to resentencing on the count 1 conviction for torture do not require reversal.

II

Defendant next contends the trial court erred in finding it had no discretion to alter an upper term sentence imposed as part of a stipulated plea bargain in the 2013 case. Defendant says the trial court should have applied section 1170, subdivision (b), as amended by Senate Bill No. 567 (2020-2021 Reg. Sess.), to impose a lesser sentence.

A

In the 2013 case, defendant pleaded guilty to spousal abuse against his wife with a prior conviction (Stats. 2012, ch. 867, § 16 [former § 273.5, subd. (e)]) and agreed to complete a six-month residential treatment program to address domestic violence/anger

7

management issues, with the understanding that if he successfully completed the program his felony conviction would be reduced to a misdemeanor, but if he did not complete the program he would be sentenced to an upper term. The plea agreement included a waiver under *People v. Cruz* (1988) 44 Cal.3d 1247, pursuant to which defendant was released from custody to obtain surgery upon the condition that he would report by a date certain to be ordered into the treatment program and if he failed to do so or if he committed a new offense, he would be sentenced to five years in state prison. Defendant did not complete the treatment program, and he violated the terms of the *Cruz* waiver by committing new offenses. The trial court sentenced defendant to the stipulated five-year term on June 23, 2014. It attached that sentence to the sentencing in this case without change on January 23, 2015.

At the November 2, 2023 resentencing hearing, the trial court said the upper term imposed in the 2013 case was a stipulated sentence and under *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted Dec. 14, 2022, S277314 (*Mitchell*), the trial court could not resentence defendant on the spousal abuse count.

B

Senate Bill No. 567 amended section 1170, effective January 1, 2022, to make the middle term the presumptive term. (§ 1170, subd. (b)(1); Stats. 2021, ch. 731, § 1.3.) But a trial court must impose the low term if certain enumerated circumstances, such as childhood trauma, were a contributing factor in the commission of the offense, unless the trial court finds that aggravating circumstances outweigh mitigating circumstances so that imposition of the low term would be contrary to the interests of justice. (§ 1170, subd. (b)(6); Stats. 2021, ch. 731, § 1.3.) Moreover, a trial court may impose an upper term if it finds circumstances in aggravation and the facts underlying those circumstances were stipulated to by the defendant, found true beyond a reasonable doubt by the trier of fact, or established by a certified record of conviction. (§ 1170, subds. (b)(2), (b)(3); Stats. 2021, ch. 731, § 1.3.)

8

Section 1170, subdivision (b) references a defendant's stipulation to underlying facts (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3), but it does not mention a stipulated sentence or a plea bargain.[2]  The California Supreme Court will address whether the amendments to section 1170, subdivision (b) made under Senate Bill No. 567 apply retroactively to defendants sentenced pursuant to stipulated plea agreements. (*Mitchell, supra*, 83 Cal.App.5th 1051, review granted.)  In the meantime, we conclude section 1170, subdivision (b) does not apply in a case where the defendant stipulated to an upper prison term as part of a negotiated plea agreement, because in such a case the trial court would not apply that statute in sentencing the defendant.  In imposing the stipulated prison term in the 2013 case, the trial court did not apply section 1170, subdivision (b) to select an upper, middle or lower term, and that was proper.  (§ 1192.5, subd. (b) [when a plea is approved by the court, it may not proceed other than as specified in the plea].)  As stated in *Mitchell*, "when presented with a stipulated plea agreement, a trial court may either accept or reject it. ' "Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly." ' [Citation.]"  (*Mitchell*, at p. 1058; accord *People v. Sallee* (2023) 88 Cal.App.5th 330, 338, review granted Apr. 26, 2023, S278690 (*Sallee*) ["when the defendant and the prosecutor agree that a specified sentence will be imposed, the court does not exercise discretion within a range of otherwise permissible sentences, but rather imposes the agreed-upon sentence."].)  In a case involving a stipulated plea agreement, a

---

[2]  Compare *People v. Pillsbury* (2021) 69 Cal.App.5th 776, 782, 785, 787-788, which held that upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation, trial courts have the authority to recall and resentence defendants under former section 1170, subdivision (d) based on post-judgment changes in the law giving courts discretion to dismiss enhancements, even when the original sentence was the product of a plea agreement, in part because the statute expressly provided for resentencing to " 'modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice.' "

trial court does not make the findings required under section 1170, subdivision (b), such as findings regarding whether there are aggravating and mitigating circumstances, whether childhood trauma was a contributing factor in the commission of the offense, whether aggravating circumstances outweigh mitigating circumstances, or whether the imposition of a lower term would be contrary to the interests of justice. (§ 1170, subds. (b)(1), (b)(6).) Accordingly, amended section 1170, subdivision (b) does not apply where the defendant agreed to an upper term sentence pursuant to a plea agreement. (*Mitchell,* at p. 1058-1059; *Sallee,* at pp. 338-341; see *People v. Segura* (2008) 44 Cal.4th 921, 931 [" 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. . . . Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree." ' "]; but see *People v. Todd* (2023) 88 Cal.App.5th 373, 378-381, review granted Apr. 26, 2023, S279154 [disagreeing with *Mitchell* and holding that the defendant was entitled to resentencing in light of the Senate Bill No. 567 amendments to section 1170, subdivision (b) even if the defendant had stipulated to an upper term sentence as part of a plea bargain]; *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1057, 1063, review granted Feb. 21, 2024, S283452 [agreeing with *Todd*]; *People v. Fox* (2023) 90 Cal.App.5th 826, 830, 833-835 [agreeing with *Todd*].)

Defendant cites *People v. Carter* (2023) 97 Cal.App.5th 960 for the proposition that section 1172.75 applies to stipulated plea agreements. But unlike in *Carter*, the record on appeal in this case does not show that a section 667.5, subdivision (b) enhancement was imposed in the 2013 case. (*Carter*, at pp. 964-965.) Thus, *Carter* is factually distinguishable. *Renteria, supra*, 96 Cal.App.5th 1276, another case defendant cites, also does not help him because it does not involve a stipulated sentence.

DISPOSITION

The judgment is affirmed.

                                    /S/
                             MAURO, J.

We concur:

    /S/
ROBIE, Acting P. J.

    /S/
DUARTE, J.