[No. A051397. First Dist., Div. Three. Feb. 26, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTIAN HENRY DORSCH, JR., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 1.

## COUNSEL

Daniel J. Healy, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald S. Matthias and Allan Yannow, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

CHIN, J.—Appellant was sentenced to prison after being convicted of receiving stolen property. The published part of this opinion addresses whether the trial court erred by relying on Penal Code section 1203, subdivision (e)(4),[1] to deny probation when appellant's prior felony convictions were not pleaded. The unpublished part of this opinion addresses appellant's argument that evidence suggesting drug use was introduced improperly at trial. We find no error and affirm the judgment.

---

[1]Penal Code section 1203, subdivision (e)(4), provides, in pertinent part: "(e) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(4) Any person who has been previously convicted twice in this state of a felony . . . ."

## FACTS

On June 10, 1990, Allen Scott Mullins returned home to find his back door had been kicked or pried open and a small safe was gone from his bedroom. The safe had contained Mullins's coin and stamp collections, among other things. Seventeen days later, the police showed Mullins a small cloth bag containing two coin books and several glassine envelopes containing stamps. Mullins recognized the bag, which he had kept in the safe, as his property because of its lettering, design, and condition. He also identified the stamps as his. As to the coin books, Mullins said that one was not his and the other was similar to one he had, though there was nothing remarkable about his book.

The items shown to Mullins had been seized by Detective David Gottlieb in a search of appellant's bedroom. Detective Gottlieb was assigned to investigate the theft from Mullins's home and developed information that led him to suspect appellant. The detective went to the house where appellant was residing and told appellant he wanted to search appellant's room. Appellant said "all right" and directed Detective Gottlieb to the furthest master bedroom in the house. After looking at the clothing, furnishings, and pictures in that bedroom, Detective Gottlieb concluded that the room was not appellant's. A second officer pointed out another room down the hallway and the detective searched that room, determining that it was appellant's.

On direct examination, the detective testified about items found in appellant's room besides those shown to Mullins. The detective said he found "some marijuana ZigZag papers, and paraphernalia," but no marijuana, and a recipe for making methamphetamine. On cross-examination, appellant's counsel brought out that the detective also found a small amount of white powder he suspected might be a narcotic along with the methamphetamine recipe.

Appellant's mother testified in his defense, stating that like herself, her son had collected stamps for many years. She had given him stamps in the past and had stamps similar to two of those found in his room. An expert witness testified that the stamps found in appellant's bedroom were not very valuable, and that a dealer would not be interested in them. Appellant's stepsister-in-law, whose hobbies included coin collecting, testified that appellant borrowed the two coin books from her in May to look up prices for coins he had. She also said she gave appellant the cloth bag identified by Mullins.

## DISCUSSION

### 1. *The Methamphetamine Issues**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 2. *The Sentencing Issue*

The probation officer's presentence report stated that appellant previously had been convicted of three felony counts of violating Vehicle Code section 10851, subdivision (a).[2] The report stated that pursuant to Penal Code section 1203, subdivision (e)(4), appellant was eligible for probation only under unusual circumstances because of prior felony convictions. At sentencing, the trial judge found there were no unusual circumstances, and "that there is adequate balancing of mitigating and aggravating factors to justify the mid term of two years."

■ Appellant contends the trial court erred in applying Penal Code section 1203, subdivision (e)(4), because appellant's prior felony convictions were not pleaded and proved beyond a reasonable doubt.[3] In support of his argument, appellant relies on *People* v. *Myers* (1984) 157 Cal.App.3d 1162 [204 Cal.Rptr. 91], which essentially assumed, based on a concession by the People, that prior felony convictions cannot affect probation eligibility unless pleaded and proved. (*Id.*, at p. 1167.)

Aside from the People's concession, the only authority cited by the *Myers* court for a pleading and proof requirement was *People* v. *Lo Cicero* (1969) 71 Cal.2d 1186 [80 Cal.Rptr. 913, 459 P.2d 241]. (*People* v. *Myers, supra,* 157 Cal.App.3d at p. 1167.) In *Lo Cicero*, the court dealt with the predecessor to Health and Safety Code section 11370, which prohibited probation for any person convicted of certain offenses if the person previously had been convicted of one of those offenses. The court stated, "The denial of opportunity for probation involved here is equivalent to an increase in penalty . . . ." (*People* v. *Lo Cicero, supra,* 71 Cal.2d at p. 1193.) Accordingly, the court concluded that in order to bar a defendant from probation under that section, the prior conviction must be charged and proved according to the

---

*See footnote, *ante,* page 1346.

[2]Appellant did not dispute the fact of these three prior convictions either in the trial court or in this appeal. The only pretrial discussion of the convictions concerned how many could be used for impeachment if appellant testified in his defense.

[3]Appellant originally had been charged with an enhancement under Penal Code section 667.5, subdivision (b), for a prior prison term. The enhancement allegation was dismissed, though, because appellant had been sent to the California Rehabilitation Center instead of prison.

relevant sections of the Penal Code. (*Id.*, at pp. 1188, 1194.)[4] A similar rule was suggested in dicta in *People* v. *Ibarra* (1963) 60 Cal.2d 460, 467-468 [34 Cal.Rptr. 863, 386 P.2d 487]. There, the court stated that a prior conviction barring a defendant from a narcotics rehabilitation program should be alleged in the information—not simply presented in a probation report—to afford the defendant an adequate opportunity to rebut the allegation. (*Ibid.*)

There is a significant distinction between Penal Code section 1203, subdivision (e)(4), and the sentencing schemes addressed by *Lo Cicero* and *Ibarra.* In those two cases, the prior conviction eliminated a sentencing option for the trial judge; an alternative to imprisonment was prohibited by statute. By contrast, Penal Code section 1203, subdivision (e)(4), does not remove any of the trial judge's options in sentencing a defendant with two prior felony convictions. Such a defendant can be granted probation in the trial court's discretion, subject to the limitation that the case be an unusual one "where the interests of justice would best be served if the person is granted probation . . . ." (Pen. Code, § 1203, subd. (e); see also Cal. Rules of Court, rule 413(c).) The provisions of Penal Code section 1203, subdivision (e)(4), are not the equivalent of an increase in penalty.

Our decision also is influenced by the absence of any express statutory pleading and proof requirement within Penal Code section 1203, subdivision (e).[5] The Legislature has demonstrated in numerous penal statutes that when a pleading and proof requirement is intended, the Legislature knows how to specify the requirement. (See, e.g., Pen. Code, §§ 1170.1, subd. (f), 1203.045, subd. (b), 1203.048, subd. (b), 1203.055, subd. (d)(1), 1203.06, subd. (b)(1), and 1203.066, subd. (d).) As respondent notes, Penal Code section 1203 has been amended many times, but without the addition of a pleading and proof requirement to subdivision (e). On occasion, an otherwise missing pleading and proof requirement may have to be implied as a matter of statutory interpretation and due process. (See *People* v. *Hernandez* (1988) 46 Cal.3d 194, 200-211 [249 Cal.Rptr. 850, 757 P.2d 1013].) However, neither due process nor statutory construction requires an implied pleading and proof requirement for application of Penal Code section 1203, subdivision (e)(4).

---

[4]The Legislature subsequently codified this pleading and proof requirement in Health and Safety Code section 11370, subdivision (d).

[5]We are aware that Penal Code section 969 requires that "all known previous convictions, whether in this State or elsewhere, must be charged." However, we are not aware of any decision holding that a failure to charge a prior conviction prohibits the court from considering the conviction as a sentencing fact under California Rules of Court, rules 414 (criteria affecting probation) and 421 (circumstances in aggravation). (Cf. *People* v. *Tell* (1954) 126 Cal.App.2d 208, 209 [271 P.2d 568] [under earlier version of Pen. Code, § 1203, prior conviction not required to be pleaded because "court is entitled to go beyond the issues framed by the indictment or information in determining whether the defendant is entitled to probation"]; *People* v. *Leach* (1937) 22 Cal.App.2d 525, 526-527 [71 P.2d 594] [same].)

Penal Code section 1203, subdivision (b), requires the preparation of a probation report that includes a defendant's prior record, which the court considers with other factors in aggravation or mitigation of punishment. Prior convictions traditionally have been one of the factors affecting a decision to grant or deny probation. (See, e.g., Cal. Rules of Court, rule 414(b)(1).) In *McMillan* v. *Pennsylvania* (1986) 477 U.S. 79 [91 L.Ed.2d 67, 106 S.Ct. 2411], the United States Supreme Court held that due process did not require pleading and proof beyond a reasonable doubt of a sentencing factor that would, when proved by a preponderance of the evidence, lead to at least a minimum sentence. *McMillan* noted that the statute in that case, as is true here, "neither alters the maximum penalty for the crime committed nor creates a separate offense calling for a separate penalty; it operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it without the special finding . . . ." (*Id.*, at pp. 87-88 [91 L.Ed.2d at p. 77].) The statute in *McMillan*, as does Penal Code section 1203, subdivision (e)(4), "simply took one factor that has always been considered by sentencing courts to bear on punishment . . . and dictated the precise weight to be given that factor . . . ." (*McMillan, supra,* at pp. 89-90 [91 L.Ed.2d at pp. 78-79].)

Sentencing facts, such as aggravating and mitigating circumstances, are the articulation of traditional considerations that assist a judge in selecting from among the options of punishment made available by the verdict. (*People* v. *Hernandez, supra,* 46 Cal.3d at p. 205.) As such, sentencing facts are not findings that must be pleaded and proved to the trier of fact. (See *id.,* at pp. 204-206.) In the context of a discretionary decision to grant or deny probation, prior felony convictions are sentencing facts for the court to assess, regardless of whether the convictions were pleaded. For these reasons, we conclude that it is not error for a sentencing court to consider unpleaded prior felony convictions when determining eligibility for probation under Penal Code section 1203, subdivision (e)(4).

DISPOSITION

The judgment is affirmed.

Merrill, Acting P. J., and Werdegar, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 21, 1992.