Filed 3/30/26  P. v. Hummel CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C102903 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CF04518) |
| v. | |
| VANYA ERICSON HUMMEL, | |
| Defendant and Appellant. | |

Defendant Vanya Ericson Hummel pleaded no contest to a charge of making criminal threats and the court sentenced him to an upper term of three years.  Hummel does not contest his guilt but raises several challenges to his sentence.  We affirm the judgment, but because we agree that Hummel did not validly waive his right to a jury trial on the aggravating sentencing factors and those factors were not properly proven, we vacate the sentence and remand the cause for a new sentencing hearing.

PROCEDURAL BACKGROUND

The underlying facts leading to Hummel's conviction in this case are not relevant to the issues on appeal.  It suffices to say that after Hummel had an encounter with

1

another person, he was arrested and charged with making criminal threats (Pen. Code, § 422, subd. (a); count 1)[1] and vandalism (§ 594, subd. (a); count 2). The prosecution did not allege any aggravating factors in the information or complaint.

The prosecution indicated it would be willing to dismiss the charge of vandalism in exchange for a guilty plea to making criminal threats.[2] Hummel, representing himself, agreed to the offer. The court filled out a plea form and gave Hummel an opportunity to review and sign it before asking Hummel, "And does the fact that you initialed those boxes means that you agree with the content of the plea form? Do you agree with that?" Hummel replied, "Yes, Your Honor. I believe I may have accidentally initialed a couple boxes that I wasn't supposed to initial. [¶] . . . [¶] . . . On page four or five." The court responded, "It looks like you initialed all the ones you're supposed to."

Of note, page No. 4 of the plea form covers consequences of the plea and page No. 5 specifically covers sentencing. Hummel initialed section No. 4 of the plea form, thereby stipulating that the court could take the factual basis for the plea "from the following documents, which will be summarized in the probation report." Directly underneath, a box corresponding to "Probable cause declaration" was checked. Hummel also initialed section No. 4(a) that stated, "If I believe the summary in the probation report is incomplete or incorrect, I may submit additional portions from the above documents." Hummel also initialed section No. 4(b) that states, "I understand that the court cannot impose a sentence exceeding the middle term unless there are circumstances in aggravation justifying a greater term. I understand that I have the right to a jury trial or

---

[1]      Undesignated statutory references are to the Penal Code.

[2]      Hummel was initially arraigned on the charges in this case, another unrelated case, and on a charge of violation of probation in case No. 24CM03914. In light of Hummel's no contest plea in the instant case, the court found Hummel "in violation of his probation in the misdemeanor case ending in 3914."

court trial where any facts underlying an aggravating circumstance must be proven beyond a reasonable doubt." Lastly, Hummel initialed section No. 4(c) that states, "I give up this right and agree that the judge may find aggravating factors based on the documents described above, and the court may sentence me to the lower, middle, or upper term."

The court then discussed Hummel's right to a jury trial "in this case," explained his rights and stated, "If you plead no contest to this charge, that means that you're giving up those rights, sir. Is that what you want to do today?" Hummel answered affirmatively. The court did not specifically mention Hummel's right to a jury trial on aggravating factors and, as we have indicated, no aggravating factors had been pled in the applicable charging document. Hummel then entered a plea of no contest to the criminal threat charge in count 1, and the court granted the prosecution's motion to dismiss the vandalism charge with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

A probation report subsequently prepared for sentencing purposes indicated that pursuant to section 1203, subdivision (e)(4), Hummel was eligible for probation only in an unusual case, he was on conditional release in another matter, and his performance was unsatisfactory. The report also listed circumstances in aggravation pursuant to California Rules of Court, rule 4.421: "(b)(2) The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness. [¶] The defendant's record consists of three felonies and twenty-two misdemeanors." A printed summary of Hummel's criminal history was attached to the report. The report further indicated that under California Rules of Court, rule 4.421(b)(4) and (b)(5), Hummel was on probation or supervision when the instant offense was committed and his prior performance on such was unsatisfactory.

During the sentencing hearing, the prosecution presented no evidence. The court relied upon the probation report and found as follows. First, the court found Hummel "is statutorily eligible for probation only in the unusual case, pursuant to Penal Code

3

1203(e)[(4)]. I've looked at that unusual case criteria. I don't find that this case meets any of that criteria. So probation is denied. [¶] Even if you weren't presumptively ineligible for probation, probation would be denied based on the nature, seriousness and circumstances of this case. And his prior record of criminal conduct indicates a pattern of regular criminal conduct. [¶] The Defendant did stipulate to the possible existence of aggravating factors being found true by the Court, by virtue of his initialing items 4(b) and 4(c) on the change of plea form. [¶] In reviewing the appropriate Rules of Court, I do find on balance that the circumstances in aggravation outweigh the circumstances in mitigation. [¶] In aggravation, the Defendant has an extensive prior criminal history consisting of three prior felonies and 22 prior misdemeanors as reflected in the records included in the report that were certified by the Probation Department. He was on a grant of misdemeanor probation . . . when he picked up the new charge. [¶] So for those reasons, for the violation of Penal Code 422(a), as charged in Count 1, I designate that the principal term and sentence him to state prison for an upper term of three years."

Hummel filed a notice of appeal but did not secure a certificate of probable cause.

DISCUSSION

I

Sentencing Factors

Hummel challenges the trial court's determination that he was ineligible for probation and its upper term sentence.

We review procedural due process claims de novo because " 'the ultimate determination of procedural fairness amounts to a question of law.' " (*In re Jonathan V.* (2018) 19 Cal.App.5th 236, 241.)

A. Probation Ineligibility

Except in unusual cases in which the interests of justice would best be served by the grant of probation, section 1203, subdivision (e)(4), prohibits the trial court from granting probation to "[a]ny person who has been previously convicted twice in this state

4

of a felony." At sentencing, the trial court agreed with the probation department that Hummel was presumptively ineligible for probation pursuant to section 1203, subdivision (e)(4). Hummel contends that this conclusion was in violation of his due process rights because the circumstances rendering him presumptively ineligible for probation were never pleaded or properly proven. We disagree there is any pleading and proof requirement associated with section 1203, subdivision (e).

Hummel contends that *People v. Lo Cicero* (1969) 71 Cal.2d 1186 and *People v. Ford* (1964) 60 Cal.2d 772, overruled on another ground in *People v. Satchell* (1971) 6 Cal.3d 28, 38, require any prior conviction used as the basis for increasing his criminal penalty to be alleged in the complaint. In *Ford*, the defendant had been convicted of murder and other crimes during the course of a burglary. (*Ford*, at pp. 775-776.) Although the judgment declared that a prior conviction and allegation that the defendant possessed a deadly weapon during the murder had been " 'charged and proved or admitted,' " neither allegation was alleged in the information or submitted to the jury. (*Id*. at p. 794, italics omitted.) On appeal, our high court agreed with the defendant that sentence enhancements associated with the allegations should not have been imposed. The court held, "Before a defendant can properly be sentenced to suffer the increased penalties flowing from either such finding [citations][,] the fact of the prior conviction or that the defendant was thus armed must be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge must be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived." (*Ibid*.)

In *Lo Cicero*, the court addressed whether there was an implied pleading requirement—similar to that in *Ford*—when probation ineligibility was at stake. In that case, the trial court ruled that the defendant's testimonial admission to a prior conviction for possession of marijuana rendered him ineligible for probation as a matter of law. (*People v. Lo Cicero, supra*, 71 Cal.2d at pp. 1191-1192; see also Health & Saf. Code, former § 11715.6.) On appeal, the court agreed with the defendant that the denial of

5

probation was error because his prior conviction had not been pleaded.  (*Lo Cicero*, at pp. 1192-1193.)  Relying on *Ford*, the court in *Lo Cicero* held, "The denial of opportunity for probation involved here is equivalent to an increase in penalty, and the principle declared in *Ford* should apply."  (*Id*. at p. 1193.)  Under *Lo Cicero*, then, a fact that can be used to completely deny a defendant probation as a matter of law must be pleaded and proved.

This is not such a case.  We agree with the People that the more applicable authorities are *People v. Dorsch* (1992) 3 Cal.App.4th 1346 (*Dorsch*) and *In re Varnell* (2003) 30 Cal.4th 1132 (*Varnell*).  In *Dorsch*, the prosecution did not plead the defendant's prior convictions but the probation report listed three prior felony convictions and alleged the defendant was ineligible for probation pursuant to section 1203, subdivision (e)(4).  (*Dorsch*, at p. 1349.)  The appellate court rejected the defendant's claim that the trial court could not apply that provision because his prior felony convictions were not pleaded and proved beyond a reasonable doubt.  (*Id*. at pp. 1349-1350.)  The court concluded that *Lo Cicero* was inapplicable—and the pleading of a prior conviction unnecessary—when the effect of the prior was to make the defendant presumptively, but not entirely, ineligible for probation.  (*Ibid*.)  "[N]either due process nor statutory construction requires an implied pleading and proof requirement for application of Penal Code section 1203, subdivision (e)(4)."  (*Id*. at p. 1350.)

*Varnell* concerned the trial court's power, under section 1385, to disregard sentencing factors that would render a defendant ineligible for the mandatory probation and drug treatment prescribed by the Substance Abuse and Crime Prevention Act of 2000 (Proposition 36).  The trial court granted the defendant's request to "dismiss the 'strike' allegation, so as to avoid the 'Three Strikes' law," but refused to "disregard 'the prior or count being used to disqualify [him] from Proposition 36.' "  (*Varnell, supra*, 30 Cal.4th at p. 1135.)  Instead, the court "found that the *fact* of the prior conviction and resulting

6

prison term rendered him 'ineligible in this court's opinion for Prop[osition] 36 treatment.' " (*Ibid*.)

On review, our high court agreed with the trial court's conclusion. The court reasoned that section 1385 may be used to dismiss sentencing allegations—but not sentencing factors.[3] (*Varnell, supra*, 30 Cal.4th at p. 1137.) Thus, "the trial court's dismissal of the 'strike' allegation in this case did not wipe out the fact of the prior conviction and the resulting prison term" that rendered the defendant ineligible for probation. (*Id*. at p. 1138.) The *Varnell* court also noted that nothing in the relevant statutes required that the defendant's eligibility be alleged in the charging document and declined to find an implied pleading requirement under the circumstances of that case. (*Id*. at p. 1139.) The court distinguished *Lo Cicero* on the ground that it involved a statute imposing categorical ineligibility, whereas the statute in *Varnell* rendered the defendant ineligible only for probation under Proposition 36, while leaving him eligible for probation under another statute. (*Varnell*, at p. 1140.) The court specifically agreed with *Dorsch*, reasoning that a categorical disqualification from probation "eliminate[s] the alternative to imprisonment" whereas a presumptive ineligibility "merely ma[kes] probation less likely" and is thus " 'not the equivalent of an increase in penalty.' " (*Varnell*, at pp. 1140, 1141, quoting *Dorsch, supra*, 3 Cal.App.4th at p. 1350.)

We conclude *Varnell* and *Dorsch* apply to this case rather than *Lo Cicero*. Hummel's prior convictions, if properly proven to exist, render him presumptively ineligible for probation. This may make probation less likely, but it did not render him categorically ineligible. Thus, as in *Varnell* and *Dorsch*, the presumptive ineligibility

---

[3]     On this basis, we conclude *People v. Mitchell* (2011) 197 Cal.App.4th 1009, cited by Hummel, is inapposite. In *Mitchell*, a different panel of this court explained that "[t]he due process clauses of the Fifth and Fourteenth Amendments require a defendant be given notice of the charges and enhancements against him." (*Id*. at p. 1018.) In contrast, we are concerned with probation eligibility, not charges or enhancements.

7

was "not the equivalent of an increase in penalty" and the prosecution had no obligation to plead those circumstances.

Hummel alternatively contends that there is no factual support for the court's determination that he was ineligible for probation. We agree with the People that any challenge to the court's discretionary decision to deny probation was forfeited by Hummel's failure to object at the time of sentencing. "A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751, quoting *People v. Scott* (1994) 9 Cal.4th 331, 353.) "The rule applies to 'cases in which the stated reasons allegedly do not apply to the particular case.' " (*Gonzalez*, at p. 751.)

Hummel's additional claim that his presumptive ineligibility for probation was not properly proven because his prior convictions were not proven through certified records finds no support in current law. As noted in *Dorsch*, there is no express statutory pleading and proof requirement within section 1203, subdivision (e). (*Dorsch, supra*, 3 Cal.App.4th at p. 1350.) And, because section 1203, subdivision (e)(4) does not increase the penalty for a crime, prior convictions supporting a finding under that section need not be proven beyond a reasonable doubt. (*Dorsch*, at p. 1350.) Although proof requirements for aggravating circumstances leading to an upper term sentence are more exacting—as we discuss below—there is no similar evidentiary or burden requirements applicable to the determination of whether a defendant is presumptively ineligible for probation under section 1203.

B. Upper Term Sentence

    i.    Failure to notice

Hummel contends the trial court's reliance on aggravating factors to sentence him to the upper term was error because he did not properly waive his right to a trial on the aggravating factors, nor were they properly proven. We agree. With respect to notice of

8

the aggravating factors justifying an upper term sentence, the People claim the issue is forfeited by Hummel's failure to object to the imposition of the upper term. We note that the People do not claim forfeiture barred Hummel's due process challenge to the lack of notice for probation ineligibility. Despite Hummel's failure to object in the trial court, we will address the claim here. It is well-established that "an appellate court is generally not prohibited from reaching questions that have not been preserved for review by a party." (*People v. Smith* (2003) 31 Cal.4th 1207, 1215.)

We disagree that due process requires the prosecution to plead aggravating sentencing factors in the charging document. In *People v. Pantaleon* (2023) 89 Cal.App.5th 932,[4] a different panel of this court rejected a similar argument that due process requires courts to imply a pleading requirement for aggravating sentencing factors. (*Pantaleon*, at pp. 940-941.) The court opined that *Varnell* constituted binding authority to the contrary. We agree with that reasoning.

As referenced *ante*, in *Varnell, supra*, 30 Cal.4th at pages 1141-1142, our Supreme Court acknowledged that pursuant to *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, "any fact that increases the penalty for a crime beyond the statutory maximum prescribed for that crime must be submitted to a jury and proved beyond a reasonable doubt." The *Varnell* court nevertheless held there is no due process right to notice in the accusatory pleading with respect to a sentencing factor. "A 'sentencing factor' is 'a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence within the range authorized by the jury's finding that the defendant is

---

[4] Disapproved on another ground in *People v. Wiley* (2025) 17 Cal.5th 1069, 1077-1078, 1085-1086 (disapproving *Pantaleon* to the extent it is inconsistent with the high court's holding in *Lynch* that "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm" (fn. omitted)).

guilty of a particular offense.' " (*Varnell*, at p. 1135, fn. 3.)  Because sentencing factors do not operate to increase the penalty for a crime beyond the statutory maximum, they are not required to be pleaded.  (See *id*. at p. 1142 [citing examples of when *Apprendi* applied depending on whether the relevant factor increased the statutory range of penalty available to the court].)  "Unlike penalty provisions and enhancements, the finding of an aggravating factor by a jury does not require or prescribe an added penalty; it merely authorizes the sentencing court to impose the upper term."  (*Chavez Zepeda v. Superior Court* (2023) 97 Cal.App.5th 65, 95.)

Hummel does not address *Varnell*.  In his reply, he attempts to characterize *Pantaleon*'s conclusion as contrary to law.  Hummel claims the language of section 1170, subdivision (b)(2) that authorizes a separate trial on the aggravating circumstances presumes aggravating factors will be pled in the accusatory pleading, "otherwise there would be no need to bifurcate the aggravating factors from the charges and enhancements."  We are not persuaded.  One reason to bifurcate sentencing factors from the issue of guilt is to avoid prejudice to a defendant resulting from the introduction of evidence at trial on a sentencing issue that is irrelevant to his or her guilt on the substantive charge.  (Cf. *People v. Superior Court* (*Mendella*) (1983) 33 Cal.3d 754, 760 [discussing potential prejudice from introducing evidence regarding an enhancement during trial], superseded by statute on another point as stated in *In re Jovan B.* (1993) 6 Cal.4th 801, 814, fn. 8.)  And, as the People note, when the Legislature amended the sentencing structure in section 1170, there was already appellate authority noting that " 'neither the Legislature nor the courts have ever deemed aggravating facts used to impose the upper term as being equivalent to statutory sentencing "enhancements" . . . that must be alleged in the accusatory pleading and proved at the preliminary hearing.' " (*Chavez Zepeda v. Superior Court, supra*, 97 Cal.App.5th at p. 93.)  The fact that the Legislature remains silent on a pleading requirement strongly suggests there is none.

" '[W]hen a pleading and proof requirement is intended, the Legislature knows how to specify the requirement.' " (*Varnell, supra*, 30 Cal.4th at p. 1141.)

We acknowledge that it may seem incongruous to conclude that although a defendant has a constitutional right to a jury trial to decide the truth of most aggravating sentencing factors, he or she does not have a due process right to be formally apprised of those factors. We further acknowledge there exists competing perspectives on the matter. (Compare, e.g., *Barragan v. Superior Court* (2007) 148 Cal.App.4th 1478, 1483 [allowing prosecution to allege aggravating circumstances because "it now appears that to satisfy procedural due process, an aggravating fact must be charged in the accusatory pleading"] with *People v. Superior Court* (*Brooks*) (2007) 159 Cal.App.4th 1, 8 [disagreeing with *Barragan* and concluding constitutional concerns arise when the prosecution alleges aggravating circumstances in the information].) The California Supreme Court has yet to squarely address whether due process requires pleading and notice of aggravating factors under the most recent sentencing laws. (See *People v. Lynch* (2024) 16 Cal.5th 730, 769 (*Lynch*) [stating it was not necessary to decide exactly what the statute and the federal Constitution demand in the pleading and notice context].) But the *Lynch* court's discussion of prejudice provides insight.

Specifically, the court rejected the defendant's contention that the failure to submit aggravating factors to a jury constituted an unauthorized sentence immune from a prejudice analysis. (*Lynch, supra*, 16 Cal.5th at p. 751.) In doing so, the court distinguished between cases wherein the prosecution failed to plead an offense or enhancements and the situation the defendant faced wherein the information charged him with each of the substantive offenses, the Penal Code provided notice of the applicable statutory sentencing range for each offense, and the probation report and the prosecution's statement in aggravation advised the defendant of the aggravating circumstances that the court could rely upon to impose the upper sentence, all of which have long been set out in the California Rules of Court. (*Lynch*, at pp. 752-753; Cal.

11

Rules of Court, rule 4.421.)  "In short, Lynch had notice of potentially aggravating circumstances, had the opportunity to contest them at the sentencing hearing, and actually did contest three of the factors." (*Lynch*, at p. 753.)  This reasoning suggests there is no constitutionally mandated pleading requirement.

In short, we conclude Hummel was not denied due process by the prosecution's failure to plead aggravating factors.

### ii.     Invalid waiver

Hummel claims that because the lack of pleading left him unaware of the factors that could expose him to an upper term sentence, his waiver of his right to a jury trial on aggravating factors was invalid.  He further contends that the prosecution failed to properly prove the aggravating factors that rendered him ineligible for probation and subject to an upper term.  We agree the prosecution failed to properly prove the aggravating factors.

Initially, we agree with Hummel that his contention that the prosecution failed to establish the existence of aggravating factors in a manner required by the Sixth Amendment is not forfeited.  "Ordinarily, an appellate court will not consider a claim of error if an objection could have been, but was not, made in the lower court." (*People v French* (2008) 43 Cal. 4th 36, 46 (*French*).)  However, our Supreme Court has recognized that a defendant's failure to object " 'would not preclude his asserting on appeal that he was denied his constitutional right to a jury trial,' " as Hummel does here. (*Ibid*.)

Nor do we agree with the People that a certificate of probable cause was required to bring the instant challenge.  Our high court has held that the certificate requirement does not apply when the defendant " 'assert[s] only that errors occurred in the . . . adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed' " such as where, as here, a defendant claims that the upper term was not authorized because the prosecution failed to establish an

12

aggravating circumstance at the sentencing hearing in the manner required by the Sixth Amendment, as "[s]uch a claim does not affect the validity of the plea agreement." (*French, supra*, 43 Cal.4th at p. 45; see also *People v. Hilburn* (2023) 93 Cal.App.5th 189, 198-199 [finding no probable cause certificate necessary to argue that the court violated the defendant's jury trial rights and abused the sentencing discretion given it by the plea agreement].)

Section 1170, subdivision (b)(2) provides that a "court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Rule 4.421 of the California Rules of Court provides a list of aggravating circumstances that must be "stipulated to by the defendant" or determined "beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) "Notwithstanding these provisions, the court 'may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.' " (*Lynch, supra*, 16 Cal.5th at p. 748; see also § 1170, subd. (b)(3).)

These provisions are subject to constitutional limitations under the Sixth Amendment. Specifically, "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*People v. Wiley, supra*, 17 Cal.5th at p. 1086, fn. omitted; see also § 1170, subd. (b)(3).) For example, a defendant is "entitled to have a jury determine whether his prior convictions were of increasing seriousness and whether he had performed unsatisfactorily on probation, before the court could rely on those aggravating facts to find justification for an upper term sentence." (*Wiley*, at p. 1085.) Under the Fifth and Sixth Amendments to

the federal Constitution, "a judge may 'do no more . . . than determine what crime, with what elements, the defendant was convicted of.' " (*Erlinger v. United States* (2024) 602 U.S. 821, 838; see also *Wiley*, at p. 1076.)  "The burden is on the People to prove beyond a reasonable doubt the facts relied on to justify an upper term sentence.  If those facts are properly proven, the court may take them into account and exercise its discretion under section 1170(b) to determine what sentence to impose." (*Wiley*, at p. 1086.)

Here, the court's findings that Hummel "has an extensive prior criminal history" and he "was on a grant of misdemeanor probation in the case ending 3914 when he picked up the new charge" constitute qualitative decisions that go beyond the bare fact of the existence of the prior conviction and, absent a waiver, he was entitled to a jury trial on those factors.

A defendant may waive his or her right to a jury trial on the aggravating factors, provided he or she does so personally and expressly.  (See *People v. Collins* (2001) 26 Cal.4th 297, 308; *French, supra*, 43 Cal.4th at p. 47 [jury trial on aggravating factors "is guaranteed by the federal Constitution" and thus "require[s] an express waiver"].)  The waiver must also be " 'knowing and intelligent, that is, " ' "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it," ' " as well as voluntary " ' "in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." ' " ' " (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166; see *Collins*, at p. 305 [describing these waiver requirements as "constitutional"].)

We review the validity of a jury trial waiver under " 'the totality of the circumstances' unique to each case." (*People v. Morelos* (2022) 13 Cal.5th 722, 753; accord, *People v. Sivongxxay, supra*, 3 Cal.5th at p. 167.)  Relevant circumstances can include "the nature of the colloquy prior to the court's acceptance of a waiver, the presence of counsel and references to discussions between the defendant and counsel regarding the jury right, and the existence and contents of a written waiver." (*People v.*

14

*Daniels* (2017) 3 Cal.5th 961, 991 (lead opn. of Cuéllar, J.).)  Ultimately, the record must

" 'affirmatively show[]' " the waiver is " 'voluntary and intelligent under the totality of

the circumstances.' " (*People v. Collins, supra*, 26 Cal.4th at p. 310; see *id*. at p. 308;

accord, *Daniels*, at p. 991 (lead opn. of Cuéllar, J.); *Daniels*, at p. 1018 (conc. & dis. opn.

of Corrigan, J.).)  When a defendant is denied the right to a jury trial on aggravating

factors, this error is not structural but subject to harmless error analysis.  (See *Lynch,

supra*, 16 Cal.5th at pp. 750-751, 755.)

Hummel contends that he "could not have expressly waived his right to a jury

trial" on the aggravating factors relied upon by the court because they were never alleged

prior to sentencing and he never admitted to them.  Hummel also contends the court erred

in relying on the probation report to find aggravating factors because he never stipulated

that the probation report may be used for such purposes and the convictions were not

otherwise properly proven through certified records as required by statute.  Accordingly,

Hummel asserts, the evidence justifying the court's acts of finding him ineligible for

probation and imposing the upper term was insufficient as a matter of law.  The People

disagree, asserting that Hummel's initials on the plea form indicate he waived his right to

a trial on the aggravating factors and authorized the court to find facts supporting

aggravating circumstances based on the probation report.  According to the People, the

probation report provided sufficient proof of the aggravating factors relied upon by the

court.  We agree with Hummel.

The record contains no evidence that the court discussed with Hummel his right to

a jury trial on aggravating sentencing factors.  Although sections Nos. 4(b) and 4(c) on

the written plea form indicated Hummel acknowledged and waived his right to a jury trial

on the aggravating factors, he was never told the nature of those factors.  Indeed, the

prosecution never even hinted that any aggravating factors existed or that they intended

to rely upon any.  Without such indication, Hummel's acknowledgement that the

aggravating circumstances could justify a greater term or that he was waiving his right to

a jury trial on them was meaningless. On this record, he would have been justified in assuming none would be forthcoming. (Cf. *People v. Weaver* (2012) 53 Cal.4th 1056, 1075 [finding the defendant's jury waiver included the special circumstance allegations when the court advised the defendant that the waiver applied to " 'all of the triable issues before the court,' " explained twice to the defendant that these issues included the special circumstance allegations, and it was the defendant who first indicated the desire to waive a jury].)

Nor can we say that Hummel preemptively agreed to waive his right to a jury trial on whatever aggravating factors the probation department discovered. Contrary to the People's contention, the plea form does not establish that Hummel stipulated to the use of the probation report as the source for identifying and proving any aggravating factors. By initialing sections Nos. 4 and 4(a) of the form, Hummel agreed that the probable cause declaration may be relied upon as the factual basis for the plea and that the factual basis would be summarized in the probation report. Section No. 4(a) further provides that if "the summary in the probation report" is incorrect, Hummel "may submit additional portions from the above documents" to cure the error. This necessarily refers to the ability to submit additional portions of the probable cause declaration to correct the summary in the probation report. Section No. 4(b) then references aggravating factors but is devoid of any mention of the probation report. Although Hummel initialed section No. 4(c), providing that the judge may find aggravating factors based on the "documents described," this also necessarily refers to the probable cause declaration as that is the only document identified as an original source of information. To the extent the probation report was also referenced in prior sections, it was within the context of summarizing the probable cause declaration. Accordingly, we conclude that the aggravating factors "based on the documents described above" refers to the probable cause declaration and does not include the probation report. Thus, reference to the probation report in the plea form does not help establish a valid jury waiver for sentencing purposes.

16

While "both parties may stipulate to the admission of probation reports or other evidence bearing on a defendant's . . . criminal history" (*People v. Wiley, supra*, 17 Cal.5th at p. 1086), we conclude no such stipulation was entered here. Because Hummel was never informed as to the nature of the aggravating factors to which he was entitled to a jury trial, it cannot be said that he intelligently waived his right to have a jury decide their existence. Considering the totality of the circumstances, we conclude the record does not " ' "*affirmatively* show[]" ' " that Hummel's waiver was knowing, intelligent, and voluntary. (*People v. Daniels, supra*, 3 Cal.5th at p. 991 (lead opn. of Cuéllar, J.).)

### iii. Prejudice

When a court improperly relies upon a factor that was not properly proven at a jury trial, the error is "prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch, supra*, 16 Cal.5th at p. 768.) If any aggravating circumstance fails to meet this standard, "the defendant is entitled to a remand for resentencing." (*Ibid.*)

We reject the People's contention that any constitutional error was harmless because Hummel understood and agreed to face a potential upper term as part of his plea. A defendant's plea constitutes "an admission to the elements of the charged offenses only, and not to any additional aggravating circumstances." (*French, supra*, 43 Cal.4th at p. 50.) As our Supreme Court has held, "by entering into a plea agreement that included the upper term as the maximum sentence," the defendant "did not implicitly admit that his conduct could support that term." (*Id.* at p. 48.) The court reasoned that a "defendant who enters into an agreement to plead guilty or no contest, with a sentence to be imposed

17

within a specified maximum, reasonably expects to have the opportunity to litigate any matters related to the trial court's choice of sentence—including the existence of aggravating and mitigating circumstances—at the sentencing hearing." (*Id*. at p. 49.)

Here, the only evidence of the prior convictions—from which the court determined that Hummel's criminal history was "extensive"—was the probation report. That does not suffice, because section 1170, subdivision (b)(3) requires that the finding be "based on a certified record of conviction." (§ 1170, subd. (b)(3).) A probation report is not a certified record of conviction. (See *Lynch, supra*, 16 Cal.5th at p. 744 [distinguishing between information about the defendant's "criminal history in the certified records *or* the probation report" (italics added)].) And, as we have concluded, Hummel did not agree to forgo the statutory proof requirement in favor of reliance on the probation report. Thus, the prosecution failed to properly prove the existence of Hummel's prior convictions and the trial court improperly relied upon their existence to find Hummel's criminal history was "extensive."

In addition, a reasonable trier of fact could disagree on the definition of "extensive" and whether Hummel's prior convictions satisfy that definition. "[T]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*People v. Sandoval* (2007) 41 Cal.4th 825, 840, superseded by statute as stated in *Lynch, supra*, 16 Cal.5th at p. 757.) Because we cannot conclude beyond a reasonable doubt that a jury would have found true all of the aggravating factors relied upon by the trial court, we conclude that remand for resentencing is required.

## DISPOSITION

Hummel's sentence is vacated, and the matter is remanded for the trial court to afford Hummel a trial on the aggravating factors or accept a properly executed waiver. At the completion of litigation of the aggravating factors, the trial court shall resentence Hummel.  In all other respects the judgment is affirmed.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
MESIWALA, J.

19